No. 67.—P. A. WYATT and another, plaintiffs in error, *vs.* W. D. ELAM, defendant in error.

[1.] If a charge, in one of its bearings, is, in strictness, not legal, and in another is, though in strictness legal, yet calculated to mislead, a new trial will be granted.

Ejectment, in Marion Superior Court. Tried before Judge WORRELL, August Term, 1855.

Two demises were laid in this declaration: one under William Kelly, the drawer, and the other, William D. Elam. Defendants below, on the trial, placed Wm. D. Elam as a witness, who swore that the suit was at his instance alone, and progressing for his benefit; that he did not know Kelly; had never seen him, and knew nothing about him. Defendants moved to strike out this demise. The Court refused so to do, and defendants excepted.

It appeared that Wm. D. Elam claimed as purchaser at Sheriff's sale, under a deed dated December, 1849, and recorded in January, 1850. The defendant's title was through a Sheriff's sale, under a deed dated 6th May, 1845, and recorded 4th March, 1853, to one William Wells, and a deed from William Wells to defendants, dated 10th October, 1846, and recorded 4th March, 1853.

The Court charged the Jury, that the deed to Elam being recorded in the time prescribed by law, though of later date, took precedence of the earlier deeds, which were not recorded in time, unless Elam had notice of these prior deeds. To this charge, defendants excepted.

BLANDFORD & CRAWFORD, for plaintiffs in error.

ELAM, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] Although the Court refused to strike out the demise in the name of Kelly, yet, it appears that the plaintiffs' Counsel, when that decision was made, announced that they would try the case on its "merits," and that they, accordingly, then introduced proof under the other demise, and confined themselves exclusively to it; and that the Court, in its charge, also confined itself to that demise.

This amounted to an abandonment of the demise in the name of Kelly; and therefore, even if the decision of the Court was wrong, it would not be a ground, in this Court, for a new trial, as no motion was made for a new trial in the Court below, and the decision could do the defendant no harm. But we express no opinion on the decision.

Wm. D. Elam swore for the plaintiff, that at the time of his purchase, "he knew not of the existence of any deed to, or sale of said land."

The charge of the Court was made, probably, in reference to this testimony. And if this were the only testimony in respect to notice in the case, the charge would no doubt be a proper one.

But there was other testimony as to notice.

Peeples swore that the "minors had been in possession of said land ever since said first Sheriff's sale. The time of that sale was more than seven years prior to the commencement of the suit. The minors claimed under two deeds, both of which had been made more than seven years prior to the commencement of the suit.

The precise language of the Court, after stating, hypothetically, the times of the executing and the times of the recording of the opposing deeds was, "that the deed to said Elam, then, was entitled to precedence, and he obtained a good title as against the deed of said Wells and said minors."

Now in the use of this language, the Court either did not take into consideration at all the testimony and facts to

which I last adverted ; or if it did, it did not take what we deem to be the right view of them.   Whichever may be true, the language was calculated to mislead the Jury.

1. If the "minors" were in actual *possession* of the land when Elam purchased, that was, in law, *notice* to him of their title—notice to him of their deeds.   And with notice of those deeds, he could gain no advantage over the claimants under them, by being the first to record a deed.   So says the Statute.   (*Cobb's Dig.* 175.)

The Court, we think, should have called the Jury's attention to this *legal* property or quality of actual possession.

2. The deeds of the minors, although not recorded, might, as color of title, have served to perfect a right to the land in the minors, by the Statute of Limitations.   In this view, therefore, it was not, in strictness, correct in the Court to tell the Jury that Elam " obtained a good title as against the deed of said Wells and said minors," if his deed had been recorded in time, &c.

We think, therefore, that the plaintiff in error ought to have a new trial.