Mott v. Hall, Moses & Co

---

117 *R. L. MOTT, plaintiff in error, v. HALL, MOSES & COMPANY, defendants in error.

(Atlanta, June Term, 1870.)

1. PLEADING—STRIKING JOINT DEFENDANT—PLEA IN ABATEMENT.—If a plaintiff strikes the name of one joint defendant from the declaration on the trial, because he has failed to prove his joint liability, the other defendant may then file a plea in abatement if he wishes to show that the person whose name is so stricken is jointly liable. But if defendant joins in the plea with the person stricken, the names of two other persons, alleging that they are also jointly liable, then such plea as to them could only have been filed under the statute at the first term, such plea, as a whole, is bad, and it was not error in the Court to refuse to entertain it.

2. CUSTOM—BINDING WHEN OF UNIVERSAL PRACTICE—BY IMPLICATION PART OF CONTRACT.*—The custom of any business or trade is binding when it is of such universal practice as to justify the conclusion that it became, by implication, a part of the contract.

3. INTERROGATORIES—NUMBER OF QUESTIONS ASKED IN SINGLE INTERROGATORY — ANSWER† — APPELLATE PRACTICE.—When a great number of questions are asked in a single

---

*CUSTOM—BINDING WHEN OF UNIVERSAL PRACTICE—BY IMPLICATION PART OF CONTRACTS.—See the principal case followed and quoted from in Ocean Steamship Co. v. McAlpin, 69 Ga. 442.

†INTERROGATORIES—SUBSTANTIAL ANSWER.—Where wit-

cross Interrogatory, this Court will not scan the answers as closely as if such were a separate Interrogatory. In such case, if the whole answer, taken together, is a substantial reply to the whole Interrogatory, it will be held to be sufficiently full, though each question is not separately answered.

Pleadings. Evidence. Interrogatories. Before Judge Johnson. Muscogee Superior Court. November Adjourned Term, 1869.

Hall, Moses & Company, brought complaint against Mott, and Loyd Bowers, as "joint owners of steamer River Bride," upon the following promissory note:

"Columbus, Georgia, May 1, 1861.

$684 19.

Sixty days after date, we promise to pay to Hall, Moses & Company, or order, Six Hundred and Eighty-four 19-100 Dollars, value received.

Steamer River Bride and Owners.
per Sam. Bennett."

In October, 1867, a plea was filed as follows: "And now, at the first term of said Court, comes the defendant and defends the wrong and injury, "when, etc., and * * *. says that defendants did not sign or execute the note sued on, nor did they authorize any one else to do so for them, and this they are ready to verify; wherefore they pray," etc. This plea was sworn to by Bowers only. Subsequently, defendant's Attorneys confessed judgment, reserving the right of appeal, and defendants jointly appealed.

*At November term, 1868, their attorneys pleaded the general issue, that the note was given "for Confederate money, and to be paid in that currency, said currency having been issued by a power in rebellion against the lawful government of the United States, and is therefore void;" and claimed also the benefit of the Relief Act of 1868. This plea was not sworn to by either defendant.

At November adjourned term, the parties went to trial. Defendant's counsel demurred to the declaration, upon what ground does not appear from the record. The demurrer was overruled.

Plaintiff's counsel took Interrogatories of said Bennett, to prove the execution of said note, etc. To these Interrogatories, defendant's counsel had attached five cross Interrogatories, covering, say two pages of fools-cap paper, and each

---

nesses substantially answer cross interrogatories, either by immediate responses, or by reference to certain answers to direct interrogatories, their testimony will not be suppressed because the cross interrogatories are not more fully answered. Schaffer v. Georgia Railroad, 66 Ga. 39, citing as to the sufficiency of the answer, Thomas v. Kinsey, 8 Ga. 421; Walker v. Walker, 14 Ga. 242; Clopton v. Norris, 28 Ga. 189; Bailey v. New, 32 Ga. 546; Mott v. Hall, 41 Ga. 117; Shorter v. Marshall, 49 Ga. 31; Thompson v. Davitte, 59 Ga. 484.

See also, the principal case cited to the same effect in Deupree v. Deupree, 45 Ga. 415, 452.

divided into several questions. (The words of them are not necessary here.) And before going to the jury, defendant's counsel had filed the following written objections to said Interrogatories:

The last question in 2d Interrogatory, the 2d in 3d Interrogatory, the last in 5th, and 9th and 10th, in first cross Interrogatory, the 4th, 5th, 8th, and 9th, in the 3d cross Interrogatory, and the 1st in the 5th cross Interrogatory, are not answered. It does not appear where the commission was executed; witness swears that he does not testify from any memorandum, and yet a memorandum is attached to the answers, and is unidentified, and was not there when the Interrogatories were crossed; since the crossing of the Interrogatories, without consent or knowledge of defendant's counsel, "Woodville, Ala.," was interlined in the Interrogatories, whereby defendant was prevented from naming a commissioner, as he would have done had said words been inserted. The answers began, "State of Alabama, Henry county. By virtue," etc. The memorandum alluded to, was certain figures showing a note, account, bills, etc., had been added together, and then interest was added thereto, and the amount was $684 19. Before the trial began, the Court overruled said objections.

*Plaintiff's counsel tendered these Interrogatories as evidence, and they were again objected to on said grounds, but the Court had them read to the jury. Bennett therein testified that as clerk of said steamer, he signed said note by the verbal order of the Captain, Pendergrast, who, he said made the settlement, and found $684 19 due plaintiffs; that this was the usual way of settling when the boat was out of funds; that the note was given for material to build and repair the steamer. Then plaintiff's counsel offered said note as evidence. It was objected to, (upon what ground does not appear,) the objection was overruled, and the note was read to the jury.

A witness was then put up, and was asked, "What was the custom of boats upon the Chattahoochee river, as to signing notes for debts of the boat?" This was objected to, but was allowed. The ground of objection does not appear. The witness answered that it was an universal custom for the last thirty years, for the clerks to sign notes similar to the one aforesaid, for the running expenses of boats, but it was not customary to sign them for the building of the boat, or for a building and repair account, except by direction of the Captain. The witness was then asked who were the owners of said boat. This was objected to upon the ground that the registry was higher evidence of that. The objection was overruled and witness answered that said Mott, James Pendergrast, and said Bennett were the owners, that he did not know that Bowers was an owner.

Here plaintiff's counsel took an order dismissing his cause as to Bowers. Then defendant's counsel asked leave to file a plea in abatement, for the non-joinder of Bowers, Bennett and

Pendergrast, as owners, and stated that counsel only learned that Bennett and Pendergrast were owners, by said testimony just then delivered. The Court refused to allow said plea filed.

After argument, the Court charged the jury that the simple appointment of a clerk upon a steamboat, did not give him authority to sign a note for the owners, but if the evidence showed that the owners knew of a custom of clerks to sign *notes in the name of the owners of steamboats on the Chattahoochee river, and knowing this custom, became owners of a steamboat engaged in this trade, the jury might consider these facts, in connection with the other testimony, and find whether the clerk had authority to sign "notes for said defendants;" that though this suit was begun against Mott and Bowers, as joint owners of the steamer River Bride, plaintiffs had a right to dismiss as to Bowers, and proceed against Mott alone. The jury found for plaintiffs, against Mott, for the principal and interest of the note, and costs. Defendant's counsel moved to arrest the judgment, upon what ground does not appear. The Court overruled the motion, thereupon defendant's counsel filed his bill of exceptions, and says the Court erred in overruling said demurrer, said objections to said Interrogatories and to said questions to the witness who testified from the stand, in allowing plaintiffs to dismiss as to Bowers and go on against Mott alone, in refusing to allow said plea in abatement to be filed, erred in his charge, and in refusing to arrest the judgment.

R. J. Moses, for plaintiff in error, as to variance, cited 9th Ga., 208; As to the Interrogatories, Code, secs. 3832, 3831, 3828; 5 N. H., 98; 5th Ga., 429; 14th, 74. As to master's authority to bind owners, 10th Met., R., 385; 10th Stark, 27; 2d, 428; 4th Bald, 452; Cowp., 636; 7th T. R. 312, 431; 7th Price, 592; Tenterden on Ship'g, 116; Story on Agency, 122; 42d E. C. L., 431, 743; 6th M. and W., 138; 7th, 599. As to evidence of custom, 10th Met., 168; 8th, 433-9; 23d Peck, 303; 9th Cush., 343; 8 Wend, 498. As to the plea, 12th Met., 267; 35th Ga., 73; 13th M. and W., 494, 504. As to arrest of judgment, 24th Ga. 415; 5 Burr., 1614; 10th Pick, 284; 5 B. and P., 454.

Peabody & Brannon, for defendant, said plea is several; 1st Chitty, 566. As to variance, 1st Chitty, 46.

*By the Court—BROWN, C. J., delivering the opinion.

In this case, Mott and Bowers were sued jointly on the note as owners of the boat. Bowers in his own proper person filed a plea, and was sworn to it, denying that the defendants ever made the note or authorized any one to make it. The plea commences thus: "and now comes the defendant, and defends, etc., and says that defendants did not make," etc., and it is signed by Bowers alone. We hold, this was a

Mott v. Hall, Moses & Co

plea by Bowers only, and not by Bowers and Mott. If it had been signed by both, or by counsel for both, and sworn to by one, we do not decide that it would not have been sufficient, as the defendants were sued as joint contractors. But such was not the case.

Section 3402 of the Revised Code enacts that, "no person shall in his plea or answer be permitted to deny any deed, bill, single or penal bond, note, draft, receipt, order, or other instrument in writing, which is the foundation of the action, unless he shall make affidavit of the truth of such plea or answer, at the time of filing the same. The note in this case was the foundation of the action, and though Mott's name did not appear upon it, he was sued upon it as one of the owners of the boat, and therefore as one of the makers. He did not file any plea under oath, denying that he, or any one authorized by him, made the note, and it was not, therefore, necessary for the plaintiffs to do more than produce the note in evidence, to entitle them to a judgment against him, as he set up no sufficient defence.

On the trial, plaintiffs failed to prove that Bowers, who had filed the plea under oath, was one of the owners of the vessel, and they struck his name from the declaration by way of amendment.

The defendant Mott, who alleged that Bowers was a joint owner, then tendered a plea in abatement, on the ground that Bowers, a joint owner and contractor, was not a party to the suit. If this plea had been tendered as to Bowers alone we think it would have been admissible, though not filed at the first term, as required by Section 3404 of the Code, as it *could not, from the nature of the case, have been filed sooner. But the plea was not tendered in this shape. It was a plea that Bowers, Pendergrast and Bennett, were all joint owners and contractors, which fact it is said was not known to defendants' counsel till that term of the Court. It may be true, that the counsel did not know anything of the interest of Pendergrast and Bennett, till that term of the Court. But Mr. Mott must be presumed to have known at the first term whether Pendergrast and Bennett were or were not joint owners and contractors with him; and as he did not file the plea in abatement as to them at the first term, he was too late at the trial term. And as he joined Bowers, Pendergrast and Bennett, all in the same plea, and it was, bad as to the two last, it was bad as a whole, and the Court did not err in refusing to entertain it.

The witness Stamper swore that it was the universal custom, for the last thirty years, for clerks to sign notes similar to the one offered in evidence, for the necessary expenses of boats on the river, but it was not customary to sign them for the building of the boat, or for a building and repair account, except by direction of the Captain. Ben-

McGehee v. Jones

nett, the clerk, swears he signed this note by authority of the Captain. It is objected that the defendant was not bound by this custom, and that this evidence should have been ruled out. We think the evidence was admissible. The custom of a business or trade is binding when it is of such universal practice that it becomes by implication a part of the contract. If, as the witness stated, it had been the universal practice for thirty years, for clerks to make notes for necessary expenses, and to make contracts by direction or authority of the Captain for building or repair account, we think the owners of this boat are presumed to have had knowledge of that custom, and to have given the clerk of their boat, by implication, authority to make such contracts as were universally made by other clerks of other boats running on the same river.

We can not say that there was no cause of objection to the answers to the cross-interrogatories, for want of sufficient fullness. But as the case was made out by the note against *Mott, we will not grant a new trial on that account. There were a great many questions propounded in the same Interrogatory, and some of them were not fully answered. We will state here, however, that in such case the Court will not scan the answers as closely as if each question were a separate Interrogatory. If the whole answer, taken together, is a substantial reply to the whole Interrogatory, though each separate question in it may not be separately answered, we will hold it sufficient.

Upon the whole, we are satisfied the judgment of the Court below should be affirmed.