The Ocean Steamship Co. *vs.* McAlpin, trustee.

THE OCEAN STEAMSHIP COMPANY *vs.* McALPIN, trustee.

1. Where vegetables were shipped for transportation by a common carrier, and upon delivery were receipted for as in good order, in a subsequent suit against the carrier for damages to them, the consignee's receipt repelled the presumption that the vegetables were damaged on the voyage by the negligence of the carrier, and was *prima facie* evidence of the good order of the vegetables at the time of the delivery.

(a.) After giving this principle in charge, it was error to add "that if the damage existed before the receipt was given by the consignee, it lies upon the transportation company to show that they used all ordinary care and diligence."    This addition was in direct conflict with the charge just given ; or if not so intended, it was at least calculated to mislead the jury ; and therefore it is safest to grant a new trial.

2. Where vegetables were shipped for transportation by a steamship from Savannah to New York, and the contract provided that they were to be delivered in like good order as that in which they were received, "dangers of the sea, rivers and steam navigation, of what nature or kind soever, excepted," and where such vegetables were received by the consignee and receipted for as in good order, out suit was subsequently brought for damages alleged to have resulted from the negligence of the carrier, if the evidence left it in doubt what the cause of the injury was, or if the damage could be as well attributed to the dangers of the sea as to negligence, the plaintiff could not recover.

The Ocean Steamship Co. *vs.* McAlpin, trustee.

(*a.*) After charging this principle, it was error to add "that the evidence must show that it was damage which occurred by an occurrence or act apart from the company, and one which they could not have guarded against, to enable the jury to find for the defendant." If not directly contradictory to the principle just laid down, this addition was so vague, general and uncertain as probably to mislead the jury instead of assisting them.

3. The custom of a business or trade is binding when it is of such universal practice that it becomes by implication a part of the contract.

(*a.*) To render a custom thus binding, it is not necessary to show that it "was in the minds of both parties," before it becomes a part of the contract.

4. Under the evidence in this case, the judge·should have charged as requested that "admission of parties must be closely scanned and received with care." While not in the exact language of the Code, it is within the sense and spirit of the law.

January 23, 1883.

Common Carriers. Damages. Negligence. Charge of Court. Presumption. Contracts. Custom. Before Judge HARDEN. City Court of Savannah. February Term, 1882.

In addition to the report contained in the decision, it is only necessary to state in connection with the fourth division thereof, that McAlpin testified that the master of the vessel on which his peas were shipped said that there had been a storm during the voyage, and the ports of the vessel were closed ; that the storm ceased during the night, but he found on going below next morning that the ports had not been opened again, when he immediately ordered them to be reopened. On this evidence the charge in regard to admissions was requested.

LAWTON & CUNNINGHAM, for plaintiff in error.

GARRARD & MELDRIM, for defendant.

HALL, Justice.

This was a suit against "The Ocean Steamship Company of Savannah," brought to recover damages for the

The Ocean Steamship Co. *vs.* McAlpin, trustee.

decay of two lots of green peas shipped by the defendant in error over the company's line to New York, and alleged to have been damaged by improper stowage.　One lot of ninety boxes was shipped on the 6th of March, 1880, and the other lot of two hundred and twenty-one boxes on the 12th of the same month.　There seems to have been no doubt that the peas were damaged, but when and how the damage was occasioned, were the points in dispute.　The plaintiff in the court below, who had a verdict for the amount of damage done to the two hundred and twenty-one boxes, and who recovered nothing for the ninety boxes, claimed that the peas were in good order when shipped, which was proved by the tickets to the drayman who delivered them on board the vessel, and which were admitted in evidence in place of the usual bill of lading, and also by other testimony in the case, which it is unnecessary to set out in detail.　The plaintiff in error (defendant below) insisted, that the damage, if any, was caused by inherent defects in the vegetables; that the stowage was proper, and that they were delivered in good condition in New York, as was shown by receipts of the draymen of the consignee at that city.

1. The defendant in the court below requested, in writing, this charge: " That if the jury found from the evidence that the several lots of peas which were damaged were received by the defendant and signed for as in good order, and the same were delivered and receipted for by the consignee or his agent, as in good order, then they could not presume, if they were afterwards shown to be damaged, that the damage was caused by the defendant, unless some negligence is shown on its part."　The court gave this charge, but added thereto : " That if the damage existed before the receipt was given by the consignee, it lies upon the transportation company to show that they used all ordinary care and diligence."　To this addition exception is taken, and we think well taken, because if the addition is not a direct contradiction of the charge as re-

The Ocean Steamship Co. *vs.* McAlpin, trustee.

quested, it is at least so ambiguous that it was well calcula-
ted to mislead the jury. The request as asked, as it seems
to us, asserted in plain terms, that the consignee's receipt
for the peas in good condition, repelled the presumption
that they were damaged on the voyage, by the negligence
of the carrier, while the addition asserts just the contrary
by instructing the jury, that if this damage existed be-
fore the receipt was given, then it was incumbent upon
the transportation company to show that they used all
ordinary care and diligence ; that is to say, it must show
the very fact which he had just instructed them that this
receipt established. But granting that the addition does
not contradict the request, we think that it is so ambigu-
ous as to leave well informed and enlightened minds in
doubt as to its real meaning and intention. Now, did
this request assert the law, and was it pertinent and ma-
terial to the issues between the parties? We think
so, beyond cavil or question. In the case of the
*Central Railroad vs. Rogers*, 57 *Ga.*, 339, this court
held that a receipt to the shipper that the goods
were in good order at the place of shipment, was
*prima facie* evidence of that fact as against the car-
riers ; and if so, why is it not equally true that a similar
receipt of the consignee is like evidence that the articles
were in good order when delivered ? When the request
to charge is in writing, is legal and pertinent, the court
should give it "in the language requested" (Code, 3715) ;
or at least should, as has been often held by this court,
give it substantially as requested. Where the question is
one of evidence only, as was the case here, and there is
room for apprehension that the jury, on account of the
ambiguity of the charge, may have been misled in con-
sidering and weighing the testimony, it is safest to send
the case back for another trial. 25 *Ga.*, 184. If a charge
in one of its bearings is not strictly legal, though it may
be so in another, and on that account is calculated to mis-
lead a jury, a new trial should be granted. 19 *Ga.*, 335.

The Ocean Steamship Co. *vs.* McAlpin, trustee.

"Nothing," says Lumpkin, J., 14 *Ga.*, 142, "is more dangerous than to lay down general propositions which, instead of aiding, scarcely ever fail to mislead juries. Courts should apply the principles to the facts in evidence, stating the facts hypothetically."

2. The court was requested in writing to charge the jury, "that if they found from the evidence, that the contract was that the peas were to be delivered in New York in like good order as that in which they were received, dangers of the seas, rivers and steam navigation, of what nature or kind soever, excepted, and if the evidence leaves it in doubt, what the cause of the injury was, or if the damage may be as well attributable to the dangers of the seas as to negligence, then the plaintiff cannot recover." The request was given with this addition : "That the evidence must show that it was damage which occurred (meaning, perhaps, was occasioned) by an occurrence or act apart from the company, and one which they could not have guarded against, to enable the jury to find for defendant."

The charge, as requested, was legal and pertinent, and should have been given as asked. The consignee had receipted for the goods as "in good order," which cast the burden upon the plaintiff to show negligence. The evidence in the case, to say the least of it, left it in doubt whether the negligence of the carrier occasioned or contributed towards bringing about the loss, and when this is the case, he cannot recover. Hutchison on Carriers, §768, citing Muddle *vs.* Stride, 9 Car. & P. 380. The addition to this request, if not obviously contradictory to it, is so vague, general and uncertain as probably to mislead, instead of assisting, the jury to reach a proper conclusion ; and was for that reason erroneous.

3. The court was requested in writing by the defendant to charge the jury that, "the custom of any business or trade should be binding only when it was of such universal practice that it became, by implication, a part of the con-

The Ocean Steamship Co. *vs.* McAlpin, trustee.

tract ; and if they found from the evidence that the peas were shipped in contemplation of a usage in the trade at Savannah, then that custom or usage entered into the contract; and in construing it, they must have reference to the custom as proved." This charge was given, with the addition that the jury must find " that this custom or usage was in the minds of both parties before it is a part of the contract." To this exception was taken.

That the charge, as requested, was good law, we think is evident. The Code, §1, p. 4, declares, " the custom of any business or trade is binding only when it is of such universal practice as to justify the conclusion that it became by implication a part of the contract." The custom, as testified to by defendant's witnesses, was in substance, that carriers, in consideration of the low rate of freight, were not responsible for condition or quality of perishable articles on arrival, but that the custom did not restrict the carrier's liability for negligence. When carriers used due diligence, they were not responsible for loss ; but were responsible, when the loss was occasioned by their negligence, This had been the custom of the port for thirteen years, according to one witness, and was so understood at the time of these shipments. Another witness, the agent of the plaintiff in error, testified " that the usage of the port is that vegetables and perishable articles are carried without liability for decay ; the custom is so well understood by all the shippers, that witness had not even thought it necessary to write or stamp it across the bill of lading since he had been agent. The usage does not relieve the company from liability for negligence, but for inherent decay, weather and dangers of the seas." True, the plaintiff testified that he knew of no usage of the port as to the liability of common carriers for vegetables, and shipped the peas in contemplation of no such usage ; he made no contract for the shipment with the defendant. It was shown, however, that the plaintiff had for some time previous been in the regular habit of shipping vegetables by this

The Ocean Steamship Co. *vs.* McAlpin, trustee.

company's line of steamers, and one witness testified that he discussed this custom with him, and that he knew it. This evidence warrants the defendant's request to charge, and brings it within the decision of this court in *Berry vs. Cooper et al.*, 28 *Ga.* 543.

In *Mott vs. Hall et al.*, 41 *Ga.*, 117, 122, this court held " that the custom of a business or trade is binding when it is of such universal practice that it becomes by implication a part of the contract. If, as the witness stated, it had been the universal practice for thirty years, for clerks to make notes for necessary expenses, and to make contracts, by direction or authority of the captain, for building or repair account, we think the owners of this boat are presumed to have had knowledge of that custom, and to have given the clerk of their boat, by implication, authority to make such contracts as were universally made by other clerks of other boats running on the same river."

The addition to the charge requested in this case would, it seems to us, import that this presumption could not arise, unless at the time of making the shipment, the custom or usage was in the minds of both the shipper and the carrier; indeed, this charge asserts that it must be in the minds of both the parties before it can be deemed a part of the contract. This qualification destroys the implication which the law raises, that a universal custom enters into and forms a part of the contract. If this is not its meaning, and we can indulge no conjecture that gives it a signification in accordance with the provisions of the Code, then it is so uncertain and ambiguous as not to aid, but necessarily to confuse and mislead the jury, and therefore, as we have shown in other instances, to that extent erroneous.

4. Under the testimony in the case, the court should have charged the jury, as requested in writing by the defendant, that "admissions of parties must be closely scanned and received with care." This is the evident meaning, though it may not be in the precise language of the Code, §3792. It would have been more accurate and in more exact conformity to the Code, to have said simply that "admissions should be scanned with care;" but we can perceive no departure from the sense and spirit of the law, in the request as made.

As this case goes back for a new trial, it would not be proper, and we accordingly refrain from the expression of an opinion as to the sufficiency of the evidence had on the trial in the court below, to authorize the verdict rendered.

Judgment reversed.