EAST TENNESSEE, VIRGINIA AND GEORGIA RAILROAD *vs.* WRIGHT & CO.

CASE FROM GLYNN. Carriers. Railroads. Damages. Negligence. Contracts. (Before Judge Mershon )

Hall, J.—1.  Where goods were shipped by steamer from Baltimore, Md., to Savannah, Ga.. and thence by a connecting railroad to Brunswick, and on their arrival it appeared that a portion of the goods had been abstracted, and the railroad tendered their value, but this was refused, because the consignees also claimed damage to the goods from salt water during the voyage, which was contested :

Held, that the items for damage and for loss of goods were severable ; and the tender was proper, and should have been accepted.

2.  Where it was conceded that the damage to the goods occurred during the ocean voyage and was complete before their delivery to the railroad, the liability of the latter to the consignees therefor would depend upon the contract of affreightment between the steamship company and the plaintffs.  If the steamship company was not liable, and the railroad company would have no recourse on it, the railroad company would not be liable to the consignees.

(a)  Where the bill of lading issued by the steamship company provided for an exemption from injury resulting from "blowing" of bilge water upon the goods, and from other perils of the sea, and the evidence showed that the injury resulted from such "blowing" of bilge water, occasioned by the rolling and tossing of the vessel, and there was no evidence of negligence either in the storage of the goods or in allowing any unusual quantity of bilge water to collect, a verdict finding for the plaintiffs for the amount of damage so occasioned was contrary to law.  12 How., 272 ; 17 Wall., 651.

(b)  A bill of lading by an ocean steamship company containing an exemption from liability from "blowing" and other perils of the sea is valid and binding on the consignees who receive it.  Ang. Carriers, §166 and citations in notes, and (a).

(c)  Opinions of witnesses offered as experts, that damage to goods was occasioned by negligence, is not admissable, and if admitted should not weigh against positive testimony to facts instead of conclusions. 69 Ga., 506.

(d) Where the evidence leaves it in doubt whether the damage was occasioned by the ordinary perils of the sea or by the negligence of the company, and where there is an exemption in the bill of lading from the injury occasioned by such perils, semble that the plaintiffs cannot recover. If they would protect themselves from the damage resulting from this cause, they should have obtained a marine policy of insurance. 69 Ga., 437, 441; 55 Id., 268.

(e) The verdict in excess of the shortage is contrary to law and unsupported by evidence, and is set aside; for the amount of shortage it must stand. But plaintiffs must pay costs both in the Superior Court and in this court.

Judgment reversed with directions.

Goodyear & Kay, for plaintiff in error.

Ira E. Smith; Frank H. Harris, for defendants.