### 4169. KIRBY PLANING-MILL COMPANY v. HUGHES.

HILL, C. J.  1. There was no abuse of discretion in refusing a continuance for the purpose of enabling the defendant to procure the testimony of witnesses residing in Boston, Massachusetts, the showing for continuance indicating laches, since there was no effort to procure this testimony until eight days before the case was called for trial, and no reason was shown for this delay.

2. The proffered amendment to the plea being after the time for answer had expired, and setting up new facts, of which the original plea failed to give any notice, and the amendment not being verified by affidavit as required by section 5640 of the Civil Code (1910), there was no error in refusing to allow the amendment, as the allegations of the amendment did not bring it within the exception to the terms prescribed by that section. Besides, the evidence discloses that the defendant had the benefit of the allegations made in the proposed amendment, the trial judge permitting the defendant, over objection of the plaintiff, to introduce testimony covering the matters alleged in the proposed amendment.

3. The notes of the trial judge, attached to the approval of the grounds for new trial in the amended motion, practically amount to a disapproval of these grounds, and this court, therefore, will not consider any of the questions made in these grounds. *Shierling* v. *Richland Grocery Co.,* 9 *Ga. App.* 271 (70 S. E. 1126).

4. Where a written order for lumber designated it as "Standard 1905," parol evidence was admissible of a general custom among lumber merchants to interpret this description or designation as meaning "short-leaf pine." This parol testimony was admissible for two reasons: (*a*) because it identified the subject-matter of the contract; (*b*) because it tended to prove a universal custom of the lumber business or trade, which became by implication a part of the written contract. *Hartwell*

*Grocery Co.* v. *Mountain City Co.*, 8 *Ga. App.* 727 (70 S. E. 48); *Barry* v. *Miller*, 104 *Ga.* 312 (30 S. E. 840, 69 Am. St. Rep. 171); Civil Code (1910), § 1, subsection 4.

5. The uncontradicted evidence showing that the plaintiff had received a double payment of $140.61, for which the defendant had not been given corresponding credit, and that the verdict against the defendant included this double payment, direction is given that the sum of $140.61, with interest thereon, be written off from the amount of the verdict and judgment.

6. No material error of law appears, and the verdict and judgment, modified as indicated above, being supported by the evidence, the judgment of the lower court is affirmed, with direction as above indicated. And since the plaintiff in error secured by his appeal to this court a material modification of the verdict against him, the cost of the writ of error is taxed against the defendant in error.

*Judgment affirmed, with direction.*

DECIDED OCTOBER 9, 1912.

Complaint; from city court of Thomasville—Judge W. H. Hammond. March 19, 1912.

*J. H. Merrill, Roscoe Luke,* for plaintiff in error.
*Theodore Titus,* contra.