### 4813.   LOUISIANA RED CYPRESS CO. *v.* GILMORE & CO.

1. Where one goes into the open market of a particular trade or business and makes a contract to purchase, he is bound by a custom, universal in its character, which is applicable to that particular trade or business (the custom becoming by implication a part of the contract), unless the contract stipulates to the contrary, or, in making the purchase, the purchaser notifies the seller that the contract is made without regard to the particular custom.
2. The evidence was issuable as to the character and universality of the custom which the plaintiff claimed to exist in the market where the purchase was made, and as to the knowledge of the defendant of the existence of such a custom, and also as to whether the contract was made without regard to the custom.

DECIDED SEPTEMBER 23, 1913.

Complaint; from city court of Sandersville—Judge Jordan. February 22, 1913.

*Goodwin & Wood,* for plaintiff.   *Evans & Evans,* for defendant.

HILL, C. J.   Gilmore & Company, of Warthen, Georgia, inquired by letter of the Louisiana Red Cypress Company, of New Orleans, Louisiana, for prices on the best cypress shingles, in carload lots. In reply the Louisiana Red Cypress Company wrote, making the following quotations of prices:

| | | | | |
|---|---|---|---|---|
| "4" Best Cypress Shingles | | | | $4.30 |
| 5" | " | " | " | 4.30 |
| 6" | " | " | " | 4.30." |

On receipt of these quotations of prices Gilmore & Company ordered a car-load of five-inch shingles, specifying that 10,000 six-inch shingles be included in the shipment. The car of shingles was shipped to Gilmore & Company and was received by them. They received from the Louisiana Red Cypress Company a bill for 166,000 shingles, covering the shipment, and they replied that they had counted the shingles, and that there were only 131,500 shingles. The Louisiana Red Cypress Company admitted that this was the correct number of pieces, but took the position that the shingles were sold on the basis of the standard shingle of four inches in width; that when shingles four inches in width are bought, the purchaser received 1,000 pieces, which are counted as 1,000 shingles; that when he orders five-inch shingles he receives 800 pieces, counted as 1,000 shingles (on the basis of four-inch shingles, this being the unit and standard of counting) ; and that when six-inch shingles are ordered the purchaser receives 667 pieces, counted as 1,000 shingles (on the basis of four-inch shingles as the unit of counting). Gilmore & Company refused to make payment on this basis, but did pay what they understood to be due under their contract, to wit, $374.74, the price of 131,500 shingles. The Louisiana Red Cypress Company brought suit against them for the balance which it claimed to be due according to the custom governing the designation of shingles which prevailed in the Louisiana market (the shingles having been shipped from Louisiana), and sued for the freight. On the trial the evidence showed that the freight had been paid by Gilmore & Company, and the trial judge directed a verdict for them, on the ground that although there was a custom among lumbermen to count shingles on the basis of four-inch shingles, this custom was not communicated or known to the defendants, and therefore that they were not bound by it. The plaintiff excepts, taking the position that knowledge of this custom had been communicated to the defendants; that, according to the evidence, the defendants were dealers in shingles and had been for years, and knew, or should have known, the custom of counting shingles; and that by implication the custom of the trade became a part of the contract and binding on the defendants.

It will be seen from the foregoing statement of facts that the controlling question raised by the record was the interpretation

which should be placed upon the order for shingles. There was no dispute that in the market where these shingles were bought, there was a custom of counting cypress shingles, as claimed by the plaintiff. The question in dispute was whether the defendants had knowledge of the custom. If the custom prevailed in the market where the shingles were bought, and was universally understood as applicable to a particular trade or business, by implication of law this custom became a part of the contract and was binding upon both parties. 12 Cyc. 1085 (b) ; *Kirby Planing-Mill Co.* v. *Hughes,* 11 *Ga. App.* 645 (4), (75 S. E. 1059). In other words, where a custom is universal or general, and applies to the subject-matter of the contract, every person who makes the contract is presumed to know the custom, and it enters into the contract. *Kirby Planing-Mill Co.* v. *Hughes,* supra; *Horan* v. *Strachan, 86 Ga.* 408 (12 S. E. 678, 22 Am. St. R. 471). As above stated, the evidence in behalf of the plaintiff was that in Louisiana, where these shingles were bought, it was universally understood by the trade that when one ordered 1,000 five-inch shingles and 1,000 six-inch shingles, the purchaser would receive only 800 five-inch shingles, and only 667 six-inch shingles; and in each instance the shingles would be counted as 1,000. Besides this evidence of the prevailing custom, knowledge of which the defendants were presumed to have had, there was evidence that they had been dealers in shingles for many years, and, from this fact, must have known of this custom. We conclude, without further discussing the question, that the issue was one for the jury, and could not have been determined as a matter of law by the court. It was for the jury to say, as a matter of fact, under the evidence, whether this was a custom where these shingles were bought, and whether the defendants bought with knowledge, actual or constructive, of such a custom, and, if so, whether they put the plaintiff on notice, at the time of the purchase, that they were not buying in accordance with this custom, but that when they ordered 1,000 shingles, whether five-inch or six-inch shingles, they expected to get 1,000 shingles by actual count.

It is further contended by the defendants that while there may have been such a custom as claimed by the plaintiff, it was a mere local custom or business usage, and was not general or universal in its scope, and was not binding upon the defendants unless they gave their assent thereto; and that the plaintiff was put on notice

that in buying these shingles the defendants were relying upon the custom governing the sale of pine shingles, and that this custom was that they should receive 1,000 five-inch shingles and 1,000 six-inch shingles for every 1,000 ordered, regardless of the width of the shingles; in other words, that it took 1,000 five-inch shingles to make 1,000 shingles, and 1,000 six-inch shingles to make 1,000 shingles. This we think was a question for solution by the jury.

*Judgment reversed.*