10073.   SALUDA WHOLESALE & WAREHOUSE CO. *v.* ROONEY & CO.

LUKE, J. 1. A contract may be closed by a letter or telegram and become binding, but if it is claimed that a seller has become bound by an acceptance of his offer by the buyer, it must appear that the offer was accepted unconditionally and without variance. And where such buyer is buying and the seller is selling in the market of a particular trade or business, as in this case, both seller and buyer are bound by a universal custom applicable to that trade or business, unless the contract stipulates to the contrary or there is an agreement that the contract is made without regard to such custom. See *Phinizy* v. *Bush,* 129 *Ga.* 479 (4) (59 S. E. 259); *Louisiana Red Cypress Co.* v. *Gilmore,* 13 *Ga. App.* 472 (79 S. E. 379). It was not error to admit evidence as to the universal custom of the trade in the sale of nitrates, the subject-matter of this suit.

2. The charge of the court was full and fair, and was not, for any reason assigned, erroneous.

3. The evidence supports the verdict, which has the approval of the trial judge. It was not error to overrule the motion for a new trial.

*Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*
DECIDED JUNE 12, 1919.

Action on contract; from Chatham superior court—Judge Meldrim. July 19, 1918.

Application for certiorari to review this decision was denied by the Supreme Court.

The Saluda Wholesale & Warehouse Company, a corporation of South Carolina, sued J. M. V. Rooney & Company, of Savannah, Georgia, for damages on account of alleged breach. of contract for the sale of nitrate of soda by the defendant to the plaintiff. The trial of the case resulted in a verdict for the defendant. The plaintiff excepted to the overruling of its motion for a new trial, and to the refusal to strike a certain paragraph of the defendant's answer, relating to an alleged custom of trade.

From the evidence it appeared that by a letter dated October 31, 1916, the defendant offered to sell to the plaintiff 200 tons of nitrate of soda for $58.15 per ton, to be delivered in January, February, May, and June, 1917, and on the next day telegraphed to the plaintiff as follows: "Subject immediate wire acceptance will shade quotation of yesterday five cents." The plaintiff replied by telegram as follows: "Telegram received. We accept offer. Make up two contracts each for one hundred tons, twenty-five tons monthly." The defendant on the same day sent the contracts to the plaintiff to be signed, and sent with them a letter saying: "We confirm wires exchanged and now have your wire accepting our quotation of to-day. As per wire, we enclose herewith two contracts for 100 tons each, for January, February, May and June deliveries. Please accept both contracts and return to us. We will then forward our acceptance to you." It was testified in behalf of the plaintiff that these contracts were received and signed on the part of the plaintiff and sent back in the mail. Rooney, the defendant (doing business under the name J. M. V. Rooney & Company), testified that he waited until the 23d of November for the plaintiff's acceptance, but did not receive the contracts back, and wrote to the plaintiff that he had not received its acceptance and therefore would not protect the sale. On December 4 the plaintiff notified the defendant that unless advised to the contrary immediately, it would buy nitrate "to replace the contract" with the defendant, and hold the defendant for the difference in price. The plaintiff afterwards bought the nitrates at a price in excess of the price stated in the defendant's offer.

The paragraph of the defendant's answer, referred to above, which the court refused to strike, was as follows: "Defendant further says that it is the custom of the nitrate trade to have an exchange of telegrams between purchasers and buyers for the purpose of ar-

riving at terms and prices, but that these telegrams so exchanged are never considered contracts, but on the contrary are used by the purchasers and buyers solely for the purpose of discovering from each other what the terms of a sale may be. Defendant further says that the plaintiff in said case is well aware of the trade customs, and is well aware that telegrams are not considered as contracts." The defendant introduced testimony as to the alleged custom, and on this subject George S. Alexander testified: "I know the general custom of this trade in Georgia, South Carolina and North Carolina. The custom in respect to contracts is that no contract is binding unless reduced to writing by both parties and exchanged." In the motion for a new trial it is alleged that the court erred in admitting this testimony of Alexander, over the objection of the plaintiff, "the error being that this testimony was permitted to destroy the plaintiff's right to recover on its written contract, and his entire right to recovery made to turn upon custom; the error being (2) that evidence as to custom would vary by parol testimony the written contract sued on." It is alleged that the court erred also in charging the jury "that they might consider the evidence introduced by the defendant on the question of usage or custom touching the sale of nitrates; the error being that the contract in the case at bar was express, certain, and fixed, and had been assented to by both parties, and could not, therefore, be varied or changed by any custom." Exception was taken also to the following instructions to the jury: "To make a usage or custom good, it must be known to the parties, but . . if the custom is universal, then every person who makes a contract is presumed to know of that custom, and that usage enters into the contract and binds him. The general custom of the business may show the time when the contract should be considered as closed by the parties." "If the assent of the parties was not given until a written contract should be signed by both of them,—if that is the usage or custom in the nitrate business, and if that custom is so universal as to become a part of the contract, then you are to determine whether or not that contract had thus been completed."

*D. H. Clark,* for plaintiff.

*O. E. Donnelly, Oliver & Oliver,* contra.