20919. RICH-GARRISON MOTOR CO. *v.* HICKS, for use, etc.

STEPHENS, J. 1. Where an automobile dealer, under an agreement with a person owning an automobile, takes the automobile and sells it, and issues to the owner a paper denominated a "credit memorandum," which

contains, so far as it represents the agreement between the parties, a description of the automobile, and recites that a certain amount of money is a "credit to apply on new car or new truck," and that "this credit is transferable," the credit memorandum is on its face incomplete as a contract and does not clearly and without ambiguity show whether the credit memorandum should be accepted unconditionally by the dealer as a cash payment on the purchase of a new car or new truck, or should be accepted as such payment only where no other credit memorandum or old car is accepted on the purchase-price of an automobile sold. It is therefore competent to show, as part of the contract under which the credit memorandum was issued, a custom of "such universal practice as to justify the conclusion that it became, by implication, a part of the contract" (Civil Code of 1910, § 1, par. 4), obtaining among automobile dealers, that only one credit memorandum or one old automobile would be accepted by an automobile dealer on the purchase-price of an automobile. *Champion* v. *Wilson*, 64 *Ga.* 184 (3); *Ocean Steamship Co.* v. *McAlpin*, 69 *Ga.* 437 (3); *Louisiana Red Cypress Co.* v. *Gilmore*, 13 *Ga. App.* 472 (79 S. E. 379); *Saluda Wholesale & Warehouse Co.* v. *Rooney*, 24 *Ga. App.* 11 (99 S. E. 542).

2. This being a suit against the automobile dealer who issued the credit memorandum, by the person to whom it was issued, to recover a sum of money represented by the credit memorandum, predicated upon the refusal of the defendant to accept the credit memorandum in part payment on the purchase-price of an automobile which he had contracted to sell to the holder of the credit memorandum, after the defendant had already credited on the purchase-price of the automobile the proceeds from the sale of another automobile belonging to the holder of the credit memorandum, which the latter had delivered to the dealer to be sold and to apply the proceeds upon the purchase-price of the new automobile, and it appearing from undisputed evidence that under a general custom of the trade, which was of universal practice, only one credit memorandum or one old car would be accepted as a payment upon the purchase of a new automobile, although this custom was not known to the plaintiff or the holder of the credit memorandum (*Ocean Steamship Co.* v. *McAlpin*, supra), the inference was demanded that this custom became a part of the contract; and the verdict found for the plaintiff was unauthorized by the evidence and was contrary to law.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 17, 1931.

*Hay & Gainey,* for plaintiff in error. *J. E. Craigmiles,* contra.