## ROBINSON *vs.* WELLER.

While a contract can be made by correspondence through the mails or by telegrams, the offer of a seller must be accepted by the purchaser unequivocally, unconditionally and without variance of any sort. There must be a mutual assent of the parties, and they must assent to the same thing in the same sense.

(*a*) Therefore, when the party who proposed to sell in this case lived in Chattanooga, Tennessee, and the other party in Rome, Georgia, and such resident of Chattanooga wrote such other party that she would accept a certain amount for the property in question, one-third cash and the balance on time, her offer meant that she would accept the cash and make deed to the purchaser in Chattanooga; and when such other party wrote accepting her offer, and saying that the money was ready at Rome, and directing her to send the deeds to Rome, it was not a full acceptance of the offer she had made, and therefore was not a complete contract.

(*b*) That in a subsequent letter she stated that, just after writing the other party, she received a better offer, would not benefit the other party, as neither in that letter nor in any other did she express assent to the new terms mentioned.

December 19, 1888.

Contracts.   Correspondence.   Conditions.   Before Judge MADDOX. Floyd superior court. March term, 1888.

Reported in the decision.

JUNIUS F. HILLYER and C. N. FEATHERSTON, for plaintiff.

REECE & DENNY, for defendant.

SIMMONS, Justice.

Robinson sued Mrs. Weller for damages sustained by breach of contract by the defendant to sell him a certain house and lot in Rome, Georgia, the alleged contract consisting of the following advertisement, telegram and letters :

(1) Newspaper advertisement :

For sale : My place in East Rome, corner of Howard avenue and E. T. R. R., adjoining Mr. H. B. Park. For price, address me at 351. Montgomery avenue, Chattanooga, Tenn.      Mrs. G. A. WELLER.. Mch. 3, dtf.

(2) Postal card addressed to Mrs. G. A. Weller 351. Montgomery avenue, Chattanooga, Tennessee as follows :

ROME, GA., March 3d, 1887.

You will please quote me your lowest cash figure, one-third cash, balance in twelve and eighteen months time, on lot adjoining Park, East Rome, and advertised in morning Courier. An early reply will oblige     Yours respectfully,     (Signed) THOS. L. ROBINSON.

(3) Letter from Mrs. Georgia Weller :

CHATTANOOGA, TENN.

*Mr Thos. L. Robinson :*

Sir,—I received your card with four others asking the same question. In reply, I ask $2,000 for my place, one-third cash, the balance in twelve and eighteen months, with legal interest on it.

Respectfully,     (Signed) GEORGIA WELLER.

v 81-45

(4) Telegram from Robinson to Mrs. Weller:

ROME, GA., March 7th, 1887.

Mrs. Georgia Weller, 351 Montgomery ave.—Offer accepted; money ready. Send deeds at once. (Signed) THOS. L. ROBINSON.

(5) Letter from Robinson to Mrs. Weller, of same date as above telegram:

ROME, GA., March 7th, 1887.

*Mrs. Georgia Weller, Chattanooga, Tenn.:*

Dear Madam,—Your letter just received offering me your house and lot in East Rome at $2,000, one-third cash, one-third in twelve months, and one-third in eighteen months, with legal interest on the time payments. I wired you this a. m., "Offer accepted, money ready; send deeds at once." I am prepared to make the necessary papers and would be pleased to have deeds come forward promptly. This price seems a little full, and perhaps you would prefer to discount it slightly and get a cash payment in full for the place. If so, let me know, and I think I can arrange it. Yours truly,

(Signed) THOS. L. ROBINSON.

The above advertisement and correspondence were introduced as evidence, and also the following letter from Mrs. Weller:

CHATTANOOGA, TENN., March 8th.

*Mr. Thos. L. Robinson:*

Sir,—I am sorry to write you, but just after writing you, I received a better offer. I have not accepted any offer yet. I received three telegrams to-day. Respt. MRS. WELLER.

With this evidence the testimony for the plaintiff closed. The defendant demurred to this evidence and moved for nonsuit. The court granted the nonsuit, holding that the plaintiff could not recover because the correspondence did not amount to a complete contract between the parties. Robinson excepted, and brought the case here for review.

Counsel for the plaintiff in error insisted before us that the court erred, because the above correspondence showed a complete contract between the parties, and that therefore the plaintiff ought to have been allowed to go before the jury and prove his damages. We do

not agree with him in this view of the case. It is true that a contract can be made by correspondence through the mail, or by telegrams, as well as when the parties are together, and the same rules will apply in either case. But in order to make any sort of a contract, the offer of the seller must be accepted by the purchaser, unequivocally, unconditionally, and without variance of any sort. There must be a mutual assent of the parties thereto, and they must assent to the same thing in the same sense. An absolute acceptance of a proposal, coupled with a condition, will not be a complete contract; because there does not exist the requisite mutual assent to the same thing in the same sense. Both parties must assent to the same thing, in order to make a binding contract between them. Applying these principles to the facts of this case, we find (1) an advertisement in the newspaper by Mrs. Weller of a certain house and lot for sale; (2) a postal card addressed to Mrs. Weller by the plaintiff inquiring as to her price and terms; (3) a letter from Mrs. Weller, the defendant, stating her price and terms; (4) a telegram from the plaintiff to the defendant saying, "Offer accepted, money ready; send deeds at once"; and a letter of the same date amplifying the telegram and stating the same thing in substance; as will be seen by reading the above correspondence. It will be observed from this correspondence, that Robinson, the plaintiff, resided in Rome, Georgia, and Mrs. Weller, the defendant, in Chattanooga, Tennessee. When, therefore, she wrote to Robinson that she would accept $2,000 for the property, one-third cash and the balance on time, her offer meant that she would accept the cash at her place of residence in Chattanooga, and that she would make the deeds to the purchaser in Chattanooga. That was the legal intent and meaning of her offer. She was not compelled

to make the deeds and send them to Rome, Georgia, nor to go to Rome, Georgia, for the cash payment; and when Robinson wrote accepting her offer and saying that the money was ready at Rome, and directed her to send the deeds to Rome, it was not a full acceptance of the offer which she had made, and therefore was not a complete contract; and the court did not err in non-suiting the plaintiff. Brossort *vs.* Sawyer, 56 Am. Rep. 371; Boker *vs.* Nolt, 56 Wis. 100.

It is no answer to these views that Mrs. Weller, in her final letter to Robinson, said that "she was sorry to write him, but just after writing him she received a better offer." She had made no contract in writing by which she was bound, and hence she had the right to retire from the negotiation, for an insufficient reason or for no reason at all. If this last letter of hers would seem to indicate that she thought she had made a binding contract when she had not, it would not help the plaintiff in error. Neither in that letter nor in any other, as disclosed in the record, did she express assent to the new terms found in Robinson's telegram and letter of acceptance. Derrick *vs.* Monette, 73 Ala. 75.

Judgment affirmed