## GRAY *v.* LYNN.

"The offer of a seller must be accepted by the purchaser unequivocally, unconditionally, and without variance of any sort. There must be mutual assent of the parties, and they must assent to the same thing in the same sense." *Robinson* v. *Weller*, 81 *Ga.* 704 (8 S. E. 447).

(*a*) Where the allegations in a petition brought by a real estate agent against his principal to recover commissions alleged to be due by the latter to the former, on account of having sold certain real estate for his principal, show that there is a variance between the offer to buy and the acceptance to sell the real estate, the petition is properly dismissed on demurrer.

(*b*) In view of the rulings made in the preceding headnotes, it is unnecessary to determine whether the alleged written contract between the proposed purchaser and the owner of the property was final, or merely preliminary and tentative in its character.

JANUARY 21, 1913.

Petition for specific performance.    Before Judge Bell.    Fulton superior court.    October 27, 1911.

*F. E. Radensleben,* for plaintiff.

*Lowndes Calhoun,* for defendant.

HILL, J.   Gray brought suit against Mrs. Rachel Lynn for damages for an alleged breach of contract.   The petitioner alleged, that he was a duly licensed real estate agent, authorized to act as agent for owners to sell property; that as such agent he sold for the defendant a certain described house and lot in the city of Atlanta, for the sum of $3,500, to J. E. Wiggins, who agreed to purchase the house and lot; that the defendant accepted and agreed to the sale to Wiggins, and also to pay plaintiff 5% on the first $2,000, and 2½% on the excess over $2,000 of the purchase-price, as his commissions for making the sale, which amounted to the sum of $137.50; and that the defendant refused, upon demand, to make payment.   The alleged contract between the parties is as follows:

"L. B. Gray, Real Estate.   Atlanta, Fulton County, Ga.   July 18th, 1911.   I hereby agree to pay Mrs. Rachel Lynn Thirty-Five Hundred Dollars, on the following terms, viz.:   Twenty-Five and 00/100 Dollars, Cash, Assume loan of two thousand dollars, and balance of consideration divided, with interest accrued at seven per cent., so that each monthly note will be twenty-five dollars. For the following described property, to wit:   House and lot known as Number 561 Woodward Ave. I have this day deposited with L. B. Gray, Real Estate Agent, for Mrs. Rachel Lynn, the sum of Twenty-Five Dollars, as a part of the named purchase-money to bind this trade, a reasonable length of time being allowed for the examination of titles by my attorney.   If said titles are perfect, I agree to make settlement at once; but if said titles are not perfect, and can not be perfected within a reasonable length of time, the said cash payment is to be returned to J. E. Wiggins, and this trade cancelled.   [Signed] J. E. Wiggins.

"I hereby accept the above offer upon the terms and conditions therein named, and guarantee the titles to be good and merchantable, and agree to pay L. B. Gray, agent, a commission on the gross amount as follows: viz.:   5 per cent. on the first Two Thousand Dollars, and 2½ per cent. on the excess over the first Two Thousand Dollars.   In event the buyer fails to pay for the property as stipulated above, then the amount paid in is forfeited, and is to be kept

by L. B. Gray as compensation for services rendered by him in the trade. [Signed] Mrs. Rachel Lynn."

The defendant filed a general demurrer to the petition, on the ground that it set out no cause of action. The court sustained the demurrer, and to this ruling the plaintiff excepted.

We think the petition fails to set forth a cause of action, and that the court did not err in sustaining the demurrer thereto and dismissing it. Wiggins's contract with the agent, Gray, was that "If said titles are perfect, I agree to make settlement at once; but if said titles are not perfect, and can not be perfected within a reasonable length of time, the said cash payment is to be returned to J. E. Wiggins, and this trade cancelled." The defendant, Lynn, accepted the offer and did "guarantee the titles to be good and merchantable. . . In event the buyer fails to pay for the property as stipulated above, then the amount paid in [$25] is forfeited, and is to be kept by L. B. Gray as compensation for services rendered by him in the trade." It will thus be seen that the offer to buy was not accepted in the terms thereof, and it does not appear that the terms as changed by the seller were ever agreed to by the buyer. Before the alleged contract would be binding, the offer must be accepted "unequivocally, and without variance of any sort." *Robinson* v. *Weller,* 81 *Ga.* 704 (8 S. E. 447); *Larned* v. *Wentworth,* 114 *Ga.* 208, 222 (39 S. E. 855); *Phinizy* v. *Bush,* 129 *Ga.* 479 (59 S. E. 259); *Arnett* v. *Tuller,* 134 *Ga.* 609 (68 S. E. 330); *Van Winkle* v. *Harris,* 137 *Ga.* 43 (72 S. E. 424). Under the decision first above cited, "there must be a mutual assent of the parties, and they must assent to the same thing in the same sense." Without deciding whether "good and merchantable" titles are equivalent to "perfect" titles, we hold that mutual assent is wanting as to the forfeiture of the $25; "if said titles are not perfect, and can not be perfected within a reasonable length of time, the said cash payment is to be returned to J. E. Wiggins, and this contract cancelled." The terms of the acceptance are that "in event the buyer fails to pay for the property as stipulated above, then the amount paid in is forfeited, and is to be kept by L. B. Gray as compensation for services rendered by him in the trade." It appears, therefore, that there is a variance between the offer and the acceptance. The offer is not accepted unconditionally or unequivocally. There is an absence of

mutual assent of the parties as to the terms of the agreement. The case comes clearly within the ruling in the case first above cited, which has been followed by this court in the other cases enumerated. The petition was demurrable for another reason. It fails to negative the condition made in the acceptance by the proposed seller, that the $25 paid by the proposed purchaser, as an earnest of good faith, was not forfeited to the agent, with the consent of the proposed purchaser, in full compensation for commission, as provided by the acceptance of the seller. So far as the petition shows, the agent may have been thus paid for his services. It follows that the court did not err in sustaining the demurrer filed to the petition. What has been said above would be controlling if it be assumed that the contract between the proposed purchaser and the owner was final in its character, and not merely preliminary or tentative. It is therefore unnecessary to determine to which class of contracts this belongs.

*Judgment affirmed.　All the Justices concur.*