### 4425.  COULSON *v.* THE STATE.

1. A statement in a bill of exceptions that specified exceptions pendente lite were duly certified by the court, and duly filed and entered on the minutes of the court, must be accepted as true, and can not be impeached by the reviewing court, although the exceptions pendente lite are not in the record and although the clerk of the lower court, in answer to an order requiring him to certify and send up the exceptions pendente lite, certifies that no such exceptions pendente lite are of file or entered on the minutes, that if any such were filed they have not been recorded and are not now of file, and that he has no recollection that any were filed and no record of any having been filed.

2. Rulings upon the sufficiency of the pleadings are not proper subject-matter for a motion for a new trial.

3. While the judge of the city court of Fitzgerald is authorized, in his discretion, to hold special terms of that court, and has the same power that judges of the superior courts have in that respect, still the power of the judge of the city court of Fitzgerald to keep a term of his court open, by adjournment from one day until another, does not extend beyond the next regular term, since otherwise two terms of the same court could be held at the same time. Consequently the court erred in sustaining a demurrer to a plea to the jurisdiction, setting up that the court was being held at an unauthorized time,—that it had no authority to adjourn the term to a day in July, subsequent to the time for holding the regular June term, and that because of the lack of such authority the May term expired prior to the fourth Monday in June.

4. Since the plea to the jurisdiction and the objection to the jurors should have been sustained, the subsequent verdict and judgment were void.

DECIDED AUGUST 11, 1913.

Conviction of stabbing; from city court of Fitzgerald—Judge Wall. August 31, 1912.

*Elkins & Wall,* for plaintiff in error.

*A. J. McDonald, solicitor,* contra.

RUSSELL, J.  1.  In the brief of the solicitor of the city court of Fitzgerald the point is made that there is no proper exception to the sustaining of the demurrer mentioned in the bill of exceptions and the striking of the plea of the defendant, for the reason that the defendant failed to file exceptions pendente lite.  As appears from the record, the point presented by the exceptions to that judgment is the controlling issue in the case, and yet, if not properly presented by the exceptions pendente lite, it is not before this court for consideration; for this court can not deal with the point as a ground of the motion for a new trial.  Treating the brief of the counsel for the defendant in error as being in the nature of a sug-gestion of a diminution of the record, this court passed an order requiring the clerk of the city court of Fitzgerald to complete the record by certifying and sending to this court the bill of exceptions pendente lite, which it was certified in the main bill of exceptions had been duly certified and filed.  In response to this order the clerk of the city court of Fitzgerald certifies that "there are no exceptions pendente lite of file in this office or entered on the minutes.  If any have been filed they have not been recorded and are not now of file, and I have no recollection that any were filed, and no record of any having been filed."

In spite of the certificate of the clerk we can not sustain the contention of counsel for the State that the question as to the correctness of the court's ruling in sustaining the demurrer and striking the defendant's plea is not before the court for consideration.  It is of course well settled that in case of conflict between the statements of the bill of exceptions and the record, the record will control, but, so far as we are aware, this rule has not heretofore been, nor do we think it should be, so extended as to include statements of fact in the bill of exceptions, certified by the presiding judge, as to which the record is silent.  In such cases as that now before us it is not an instance of conflict between the recitals of the bill of exceptions and the record, but merely a case in which the recitals of the bill of exceptions are not corroborated by the record.  In other words, the record does not contradict a single recital contained in the bill of exceptions; and though, on the other hand, it does not affirm these recitals, this same condition would obtain in the case of any

writ of error in which certain recitals of the bill of exceptions might be deemed sufficiently full to dispense with the specification of a particular portion of the record as necessary to be transmitted to this court. If the exceptions pendente lite, when transmitted as a part of the record, had evidenced or developed conflict with the recitals in the bill of exceptions, as to the time of filing or as to the subject-matter of the exceptions, or as to any material matter, the record would control, but the mere fact that no exceptions pendente lite appear in the transcript of the record as transmitted does not even suggest a conflict nor offer occasion for surmise that perhaps no exceptions pendente lite were in fact ever filed. The suggestion that none were ever filed (like a "speaking" demurrer) must necessarily have its origin in something dehors the record; and the recitals of a bill of exceptions verified by the certificate of the presiding judge, if indeed they can be contradicted at all, can not be impeached in this way.

If we are at liberty to consider the certificate of the clerk to the effect that the exceptions pendente lite referred to in the bill of exceptions are not recorded upon the minutes and that none were ever filed so far as he recollects, still the contents of the certificate in the present case do not effectually dispute the statement of the bill of exceptions that exceptions pendente lite were filed. The clerk does not positively affirm that no exceptions pendente lite were filed; he states only that he has "no recollection that any were filed;" and without any reference to the clerk making the certificate in this case (whom we recognize as an official more than ordinarily efficient), it would not do to hold that exceptions pendente lite had not been duly certified by the presiding judge and properly filed, merely because they were not entered upon the record. They should always be entered upon the record, but instances may be imagined in which the non-performance of this duty would be entirely due to the neglect of the clerk; and in such a case the rule that no person shall suffer from the misprision or neglect of a public officer should be applied. In principle the point now before us is similar to that ruled in *Southern Ry. Co.* v. *Flemister,* 120 *Ga.* 524-6.

2. In the motion for a new trial an effort is made to assign error upon the ruling of the court in striking, on demurrer, certain written objections to the jury, in the nature of a plea, offered by the defendant before arraignment; and a new trial is asked upon

the ground that because of this error the subsequent proceedings on the trial were null and void. A motion for a new trial is not an appropriate means for the review of rulings upon pleading. Whether the ruling sustaining the demurrer be right or wrong, it is not proper subject-matter for a motion for a new trial. *Wheeler* v. *State, 4 Ga. App.* 325 (61 S. E. 409); *Williams* v. *State, 4 Ga. App.* 853 (62 S. E. 525); *Kelly* v. *Malone, 5 Ga. App.* 618 (63 S. E. 639). As was said in *Mayor and Council of Dublin* v. *Dudley, 2 Ga. App.* 762 (59 S. E. 84), quoting from Chief Justice Lumpkin in *Sutton* v. *McLeod, 29 Ga.* 394, "This principle is hoary with age. We bow to it reverently."

3. Before pleading to the merits of the accusation filed against her in the city court of Fitzgerald, the defendant filed a special plea to the jurisdiction of the court. This plea alleged that the court was without jurisdiction to try the defendant at that time, for the reason that she had demanded and was entitled to a jury trial, and that the jury then in attendance on the court was not qualified to try her, and that the court could not without her consent legally try her or submit the issues of fact in her case to the jury then in attendance; for the reason that this jury was the jury originally drawn to attend the regular May term, 1912, of said court, and that the adjourned term at which they were then in attendance was being held as the May adjourned term, and yet was being held in the month of July and at a date subsequent to the time for the regular June term, which had been regularly held. The defendant further pleaded that the court did not have authority to pass an order adjourning the May term to a date subsequent to the date fixed by law for the regular June term, and had no authority to require the same jury to attend the adjourned term subsequent to the time for holding the June term. The solicitor filed a demurrer to this plea, contending that the plea set up no reason why the court had no jurisdiction to try the defendant at that term of the court, designated as the May quarterly term. The court sustained the demurrer and struck the plea. Thereafter the case proceeded to trial, and the trial resulted in the conviction of the defendant.

We think the court erred in sustaining the demurrer and in striking the plea to the jurisdiction. The judge of the city court of Fitzgerald is authorized, in his discretion, to hold special terms of that court. He has the same power, with reference to the hold-

ing of special and adjourned terms of court, as the judges of the superior court have, but no more. Since the judges of the superior court are required by law to adjourn each term at least five days before the time fixed by law for beginning the next term, it is plain that while a judge of the superior court might call a special term at any time that he might deem it proper to hold one, for the despatch of public business, still he could not adjourn one term of his court and continue the life of that term at a period subsequent to another regular term, without violating the express terms of the statute. The judge of the city court of Fitzgerald, being governed by the rules that govern the judges of the superior courts, has no power to keep a term of his court open by adjournment, from one day until another, beyond the next regular term. If he could do this, two terms of the same court could be held at the same time. Without the power to adjourn the court to a date subsequent to the next regular term, he could not compel the attendance of the jurors; and since the qualifications of these jurors ceased with the adjournment of the court, they were disqualified to serve, and the plea should have been sustained and the case should have been continued.

4. Since the plea to the jurisdiction and the objection to the jurors should have been sustained, the subsequent verdict and judgment were null and void. *Judgment reversed.*