9876. Huson *v.* Dawson Naval Stores & Lumber Co., *et al.*

Wade, C. J. This suit was based upon a contract authorizing the plaintiff to effect a sale of land for the defendant, the Dawson Naval Stores and Lumber Company, to one Moulton, upon specified terms as to payment, so that it would net to the owner $3.50 per acre, and to retain as compensation for this service all obtained for it in excess of that amount. The contract fixed December 20, 1913, as the time limit within which the plaintiff should "make, complete, and execute the aforesaid sale." The plaintiff on December 17, 1913, effected with Moulton an agreement of sale which provided that the owner should make, execute, and deliver bond for titles to Moulton, and that Moulton should "make, execute, and deliver to the first party [Dawson Naval Stores and Lumber Com-

pany] notes and mortgages as aforesaid, within thirty days from delivery of abstracts of title to the party of the second part." *Held*, that there was a clear variance between the contract effected by the plaintiff and that which he was authorized to make, the time for completion of the sale being extended by him beyond December 20, the time fixed by the owner of the property; and the owner had the right to repudiate the contract, as there was no acceptance "on the terms stipulated by the owner." Park's Ann. Code, § 3587; *Robinson* v. *Weller*, 81 *Ga.* 704 (8 S. E. 447); *Phinizy* v. *Bush*, 129 *Ga.* 479 (4) (59 S. E. 259); *Van Winkle* v. *Harris*, 137 *Ga.* 43 (72 S. E. 424); *Gray* v. *Lynn*, 139 *Ga.* 294 (77 S. E. 156). Neither was there such acceptance by the owner or such ratification of the changes made as would amount to a legal waiver of the variance between the terms authorized and the terms agreed upon. The trial judge therefore did not err in sustaining a general demurrer to the plaintiff's petition.

> *Judgment affirmed.* *Jenkins and Luke, JJ., concur.*
> DECIDED JANUARY 29, 1919.

Complaint; from Terrell superior court —Judge Worrill. May 20, 1918.

*W. H. Gurr, Pottle & Hofmayer,* for plaintiff.
*M. C. Edwards, Yeomans & Wilkinson,* for defendant.