## 10377. DUNN *v.* FREEMAN.

JENKINS, P. J. 1. The original petition showed a plaintiff and a defendant, and set out sufficient allegations to indicate and specify some particular fact or transaction as a cause of action. It was defective, if at all, only in that it omitted to sufficiently allege facts essential to raise the duty or obligation involved in the cause of action which the plaintiff evidently originally intended to declare upon, and was therefore amendable by supplying the omitted facts. The trial court erred, therefore, in holding that there was not enough in the original petition to amend by, and in refusing to allow the proffered amendment. Civil

Code (1910), §§ 5681, 5682; *Ellison* v. *Georgia R. Co.*, 87 *Ga.* 691 (13 S. E. 809); *Davis* v. *Muscogee Mfg. Co.*, 106 *Ga.* 126 (32 S. E. 30).

2. While it is true that in order for a contract of purchase to become effective when entered into by correspondence through the mails, the offer to sell must be accepted by the buyer unequivocally, unconditionally, and without variance of any sort, and while it is true that if the acceptance by the buyer contains a change or modification of the offer as made by the seller, or a counter proposition, the latter is privileged to repudiate the proposed contract in its entirety, still, if the seller elects to assent to and acquiesce in the change, modification, or counter-proposition as thus made, the contract as so altered becomes binding in its entirety upon each of the parties thereto, for in that way their minds have met and assented to the same thing in the same sense. Civil Code (1910), § 4231; *Phinizy* v. *Bush*, 129 *Ga.* 479, 490 (59 S. E. 259); *Gray* v. *Lynn*, 139 *Ga.* 294 (77 S. E. 156); *Dillin-Morris Co.* v. *Gillespie*, 15 *Ga. App.* 210 (82 S. E. 812); *Good Roads Machinery Co.* v. *Neal*, 21 *Ga. App.* 160 (2) (93 S. E. 1018); *Matthews* v. *American Textile Co.*, 23 *Ga. App.* 675 (99 S. E. 308); *Saluda Wholesale & Warehouse Co.* v. *Rooney*, 24 *Ga. App.* 11 (99 S. E. 542); 9 Cyc. 269 (3).

3. When it is possible to do so without contravening any rule of law, the courts will construe a contract as binding on both the parties, where, from the language of the contract, the conduct of the parties, and all the attendant circumstances, it appears that the intention of the parties was that both should be bound by the sale, and substantial justice requires that the contract be given effect. *Good Roads Machinery Co.* v. *Neal*, supra, and cit.

4. The special demurrer attacking paragraph 5 of the petition which alleges, "Petitioner shows that it was understood between himself and the defendant that the hay contracted for was to be shipped to plaintiff at Atlanta, Ga,." upon the ground that it is an attempt to vary the terms of the contract alleged in the petition, is without merit, since the correspondence between the parties, set out in the petition as amended, shows that such a shipment of the hay was contemplated by them.

5. The special ground of the demurrer, that the allegations of the 6th paragraph of the petition "are not germain to the plaintiff's action and are irrelevant," is likewise without merit, since it is therein alleged, among other things, that the plaintiff had demanded of the defendant that he comply with his contract, and that the defendant had failed and refused to do so, and these allegations were germain and material to the plaintiff's cause. If it was intended by this special ground of demurrer to attack any particular allegations of this paragraph, the demurrer is too vague and indefinite to be considered by the reviewing court, since the office of a special demurrer is to point out clearly and specifically the alleged imperfection in the pleading attacked by it. It "must lay its finger, as it were, upon the very point." *Alford* v. *Davis*, 21 *Ga. App.* 820 (95 S. E. 313).

6. The petition as amended set out a cause of action, and the trial court erred in sustaining the demurrer thereto.

*Judgment reversed. Stephens and Smith, JJ., concur.*

DECIDED NOVEMBER 26, 1919.

Action on contract; from city court of Blakely—Judge Sheffield. January 20, 1919.

W. P. Dunn sued Joseph Freeman for breach of a contract, alleging substantially that on or about December 24, 1917, the defendant agreed to sell to him, and he agreed to buy from the defendant, five car-loads of hay, a minimum of ten tons to the car, at the price of $15 per ton loaded on the cars at Blakely, Ga.; that the agreement was arrived at by correspondence, plaintiff receiving a letter from the defendant as follows: "Blakely, Ga., Nov. 21, 1917. W. P. Dunn, Atlanta, Ga. I am sending you sample of hay that I can put on cars at Blakely, Ga., for $18.00 per ton. Can let you have about five cars. [Signed] Joseph Freeman;" to which letter the plaintiff replied as follows: "Atlanta, Ga., Dec. 13th, 1917. Mr. J. Freeman, Blakely, Ga. Quote peavine hay, and let me know what is the best you will now do on the five cars of hay that you have like sample bale that you shipped me. [Signed] W. P. Dunn." To the last quoted letter the defendant replied as follows: "Blakely, Ga., Dec. 22nd, 1917. Mr. W. P. Dunn, Atlanta, Ga. Yours to hand and noted. Will take $15.00 per ton for the hay of the sample bale sent you. [Signed] Joseph Freeman." To this letter the plaintiff replied as follows: "Atlanta, Ga., Dec. 24, 1917. Mr. Joseph Freeman, Blakely, Ga. Replying to your favor of the 22nd inst., I note what you have to say about the hay and the price on same. You can book the five car-loads, subject to approval of first car, and you can ship out to me right away one car."

The petition alleges in paragraph 5 that it was understood that the hay was to be shipped to the plaintiff at Atlanta, Ga. It is alleged in paragraph 6 that the plaintiff insisted upon the defendant's delivering to him the hay as agreed upon, which the defendant put off from time to time on one excuse or another, until finally, on or about January 17, 1918, he positively refused to deliver any part of the hay, the refusal being contained in a letter addressed to the plaintiff, as follows: "I'm needing the money out of this hay, and the price has advanced to about $20.00 per ton, and I would be glad you let me out. [Signed] Joseph Freeman;" that after receipt of this letter the plaintiff again demanded of the defendant that he deliver the hay, or pay the difference in the contract and the market price, which demand the

defendant refused. It is further alleged that on January 16, 1918, and for some time thereafter, hay of the quality bought of the defendant by the plaintiff was worth upon the market, both in Atlanta and Blakely, $20 per ton; that under the terms of the agreement the plaintiff was to receive a minimum of 50 tons of hay at the price of $15 per ton, and that the difference in the contract price and the market price at the time of the breach of the agreement by the defendant amounts to $250, for which sum the plaintiff prays judgment as damages.

The defendant demurred upon the following grounds: (1) No cause of action is set forth. (2) The petition shows that the contract attempted to be set up therein is incomplete and not binding on the defendant. (3) Paragraph 5 of the petition is an attempt to vary the terms of the contract by adding a stipulation not expressed therein and provable only by parol evidence, and should be stricken. (4) The allegations of paragraph 6 are not germain to the action and are irrelevant, and should be stricken.

Before any ruling had been made upon the demurrer the plaintiff offered the following amendment to his petition: "Now comes the plaintiff in the above-stated case and, by leave of the court first obtained, amends his petition by adding thereto after paragraph No. 3 of said petition, the following paragraph: '3-1/2. That on December 20th, 1917, the plaintiff wrote the defendant the following letter: 'With further reference to the five cars of hay you have like sample shipped me, please advise if you can load this hay on any other road besides the Central of Georgia Ry. In other words, is there any way to get this hay into Atlanta over any other road outside of the Central of Georgia Ry.?' The defendant, having already received plaintiff's letter of Dec. 24th, which is quoted in paragraph 3 of this petition, wrote to plaintiff on Dec. 27th, 1917, in reply to plaintiff's letter of Dec. 20th, as follows: 'Yours to hand and noted. My only shipping point will be Blakely on the Central, unless you can arrange by boat via Columbus, Ga. I am right on the Chattahoochee River. Shall I ship this car from Blakely at once? Will await your instructions.' To which letter of the defendant the plaintiff replied on Dec. 29th, 1917, as follows: 'Mr. Jos. Freeman, Blakely, Ga. Your letter of the 27th inst. to hand, I note what you say about routing of

the hay. All right, ship from Blakely over the Central of Georgia Railway so it will arrive in Atlanta over the Central of Ga. Ry.' And also on Jan. 7th, 1918, the plaintiff wrote defendant as follows: 'I wrote you a few days ago to just ship over the Central of Ga. Ry. to me the five car-loads of hay that you had booked for me.' To which the defendant replied, on bottom of plaintiff's said letter of Jan. 7th, as follows: 'The trouble has been to secure a car; however, the agent has promised me a car to load out Friday or Saturday, and I'll try and ship Saturday.' "

The defendant objected to the allowance of this amendment, upon the ground that there was nothing in the original petition to amend by. The court sustained this objection and refused to allow the amendment, and sustained the demurrer to the petition, on all the grounds thereof, and to these rulings the plaintiff excepted.

*A. H. Gray,* for plaintiff. *L. M. Rambo,* for defendant.