12004.   FREEMAN v. DUNN.

JENKINS, P. J.   In a former decision of this court in this case it was held that the original petition was not subject to general demurrer, and that the amendment offered, which is set forth in the report of the case in 24 Ga. App. 504 (101 S. E. 393), was proper.   This amendment, which was subsequently made, not having materially altered the nature of the cause of action as originally set forth, the renewed demurrer to the petition as amended must be controlled by the previous adjudication. Central of Ga. Ry. Co. v. Waldo, 6 Ga. App. 840 (65 S. E. 1098). Whatever doubt there might have been as to whether the allegation of the original petition, setting up a mutual and unconditional agreement of purchase and sale as to the entire shipment, was or was not negatived by further disclosing the right on the part of the buyer to "approve" the first shipment as conforming in quality with the sample previously furnished, the amendment setting up the additional correspondence plainly indicates a full and complete accord as to the purchase and sale, under these terms, of the entire shipment, for immediate delivery.   The time for performance not being indefinite, since by the terms of the purchase the commodity was intended for immediate delivery, no further demand for shipment was necessary; and the petition was therefore not defective in failing to allege the exact dates of the various demands claimed to have been actually made.

Judgment affirmed. Stephens and Hill, JJ., concur.
DECIDED MAY 14, 1921.

Action for breach of contract; from city court of Blakely — Judge Sheffield.   November 15, 1920.

Glessner & Collins, for plaintiff in error.   A. H. Gray, contra.