## MILNER HOTELS INC. OF GEORGIA *v.* BLACK.

No. 14646. OCTOBER 8, 1943.

690

*Dillon & Rose, Clint W. Hager,* and *J. F. Kemp,* for plaintiff.
*George & John L. Westmoreland,* for defendant.

GRICE, Justice. This case was before us on an assignment of error complaining of the refusal of the judge to sustain a general demurrer to the petition as amended. It was held that each count stated a cause of action; one for specific performance, the other for damages. *Black* v. *Milner Hotels Inc.,* 194 *Ga.* 828 (supra). At the trial the judge granted a nonsuit, which ruling is the basis of the only exception in the present record. There is for determination, therefore, one question only: Did the plaintiff prove its case as laid? See *Clark* v. *Bandy,* 196 *Ga.* 546 (27 S. E. 2d, 17). A sufficiently full statement of the allegations may be found in the report of the case on its first appearance here. On the trial Black was called as a witness by the opposite party, and testified. Milner, the president of the hotel company, testified by deposition; and much documentary evidence, consisting in part of forms of leases, various telegrams and correspondence, was introduced. The record shows that there were many suggestions as to what should be expressed in the lease, and counter-suggestions. The negotiations extended over a considerable period. The controlling issue is, did the parties reach an agreement? Was a contract entered into between them?

If the redrafting by Black of the form of the lease which Milner

sent to him, this redraft being returned to Milner, constituted an offer, the entire record shows that the parties intended that Milner Hotels Incorporated should be the lessee, and therefore that the offer was made to Milner Hotels Incorporated. The only acceptance of the offer was a telegram signed "H. D. Pratt." The name Milner Hotels Incorporated does not appear. In the many letters and telegrams appearing in this record, Pratt's name appears only once before, and that on a telegram which is signed, "Milner Hotels, H. D. Pratt." It is nowhere shown in the record who Pratt was, what connection, if any, he had with Milner Hotels Inc. True, on the day Pratt's telegram was received, Black wrote to Earl R. Milner a letter in which was written, "You send me a telegram which means nothing, you simply say 'as per lease'," but this is insufficient to show an acceptance by Milner Hotels Inc., a corporation, of an offer which Black made to it. He not only refused to comply, but said so in plain terms. If it be conceded that the telegram, "Taking possession July 20 as per lease," which was signed only "H. D. Pratt," was sent to Black at a time while his offer was still pending, nevertheless no contract is shown, because no acceptance was had by the opposite party. The consent of the parties being essential to a contract, until each has assented to all the terms the contract is incomplete. Until assented to, each party may withdraw his proposition. Code, § 20-108. If there is a proposition but it is not accepted, no binding contract results. *Central of Georgia Railway Co.* v. *Gortatowsky,* 123 *Ga.* 366 (51 S. E. 469). The acceptance must be unequivocal and unqualified. *Gray* v. *Lynn,* 139 *Ga.* 294 (77 S. E. 156). The offer can be accepted only by the person or persons to whom it is made. 1 Williston on Contracts, § 80. A telegram not signed by and not even shown to be sent by the one to whom the offer was made, which read, "Taking possession July 20th as per lease" (the record showing that the parties had not been able to agree upon the terms of the lease, but each had submitted to the other a different form for it), was not an unequivocal and unqualified acceptance. It was only by reference that it purported to be an acceptance at all. Which of the several forms of the lease did the message refer to? Who was bound by the so-called acceptance? No agreement of the parties was shown, and hence no contract. It was not erroneous to grant the nonsuit. *Judgment affirmed. All the Justices concur.*