36346. B. L. MONTAGUE CO., INC. *v.* SOMERS *et al.*

DECIDED JANUARY 8, 1957.

*Wm. T. Darby, Nat O. Carter,* for plaintiff in error.

*T. Ross Sharpe, Alvin L. Layne,* contra.

FELTON, C. J.  The plaintiff contends that it submitted to the defendants an offer containing certain stipulations and specifications for certain construction work on which the defendants were general contractors and that the defendants accepted such offer and became bound by the terms thereof.  The defendants in turn contend that the instrument which the plaintiff contends was an acceptance of the plaintiff's offer was not an acceptance but was a counteroffer which the plaintiff accepted and which, therefore, became the contract between the parties.  The plaintiff's offer was as follows:

"Date:    24 December 1952                                277-S
                                                        Contract No.

Contractor:   Coite-Somers Company, Vidalia, Georgia
Job Name:   Heating Plant and Whse.
Job Location:   Hunter AFB Savannah, Ga.
Owner:   Corps of Engineers
Architect:   Corps of Engineers
In accordance with conditions listed below, we agree to furnish the following material:

Structural Steel to include:
      A.   Anchor bolts
      B.   Base plates and columns
      C.   Beams and purlins
      D.   Canopy framing
      E.   All necessary clip angles and connection bolts
Misc. Steel and Iron to include:
      A.   Pipe rails
      B.   Fire door jamb angles
      C.   Channel door frames
      D.   Angles and blots for wood bumpers
      E.   Expansion joints
      F.   Ceiling hatches
      G.   Pipe barricades
      H.   Lintels

Above structural steel items consisting of about 460 tons to be erected in place under this contract. All misc. steel and iron items to be placed by others. All foundations and anchor bolts to be set by others. Anchor bolts to be furnished by BLM Co. To the firm of The Coite Somers Co. Located At Vidalia, Georgia For the sum of $110,000.00

Prices are F.O.B. Job Site, erection as outlined above

Conditions: 1. No State, Federal or local taxes are included in this contract price.

2. No back charges are authorized against this contract, unless approved in writing in advance by B. L. Montague Co.

3. Invoices are due and payable on 10th. of month following shipment and are to be paid in full, unless exceptions in writing are approved by the B. L. Montague Co.

4. No items furnished on this contract except those listed above.

Accepted_____ B. L. Montague Co. /s/ James D. Riel

_____ James D. Diel"

The instrument which the plaintiff contends was an unqualified and conditional acceptance of their offer and which the defendants contend was a counteroffer was as follows:

"B. L. Montague Co., Inc.  Date: January 7, 1953
East Liberty Street  Project Whse & Htg plant
Sumter, S. C.  Contract: DA-09-133-eng 1695
Terms: Reg.

Ship To
The Coite Somers Company  Hunter Field  Savannah, Georgia
It is agreed that delivery will be made on or before  See  or right is reserved to cancel order  below
Bid Item #3A Warehouse (Bays 1,2,3) and Heating Plant to conform to architect's drawings 26-02-02 1 thru 12; 33-02-03 1 thru 42; 33-02-04-01, all dated 10/20/52; addenda 1 & 2 dated 12/1/52 & 12/8/52
Furnish and erect all structural steel ⎫for lump sum price of
Furnish all miscellaneous steel and iron⎭ $110,000.00
Above structural steel items consisting of approximately 460 tons to be erected in place under this contract. All miscellaneous steel and iron items to be placed by others. All foundations and

anchor bolts to be set by others. Anchor bolts to be furnished by B. L. Montague Co., Inc.

Purchase Order No. 5005 FG

Description of Controlled Material Alloted here by

|  | | 1st. QTR<br>1953 | 2nd. QTR<br>1953 |
|---|---|---|---|
| Item 13 | 20xOT | | |
| Item 14 | 220xOT | 240xOT | Priority rating DO-C2 |

Allotment No. C-2 Certified under revised CMP Regulation No. 6 — Certified under revised C.MP Regulation 6

/s/ William C. Somers, Jr. Partner — Delivery required

Signature & title of authorized official May 1953

Allot. for use in filling this order in compliance CMP REG. 1.

| Order & allotment Accepted: B. L. Montague Co. Inc. | Date required for delivery and erection |
|---|---|
| By: Gen. Mgr. | Anchor Bolts and misc. .all delivered by February 15, 1953 |
| Date: 1-19-53 | Columns at exterior walls and fire |
| Invoices must state order number and point of delivery | walls and beams connecting these columns all delivered by 15 March |
| Mail Invoices to company at Vidalia, Georgia | 1953 and erection started Bal delivered and erect. started 15 May 1953 |

The Coite Somers Company
By /s/ Coite Somers"

The issue involved in this case is whether or not the defendants were bound by condition one of the plaintiff's offer which read, "No State, Federal or local taxes are included in this contract price." If the defendants' alleged counteroffer was in reality an acceptance of the plaintiff's offer, then the plaintiff would have been entitled to recover. If as contended by the defendants the alleged acceptance was not an acceptance but a counteroffer which was accepted by the plaintiff, then the plaintiff was not entitled to recover.

The defendants' instrument was not an acceptance of the plaintiff's offer but was a counteroffer to the plaintiff which was accepted by the plaintiff and which became the contract between

864

the parties. *Estes Lumber Co.* v. *Palmyra Yellow Pine Co.,* 29 *Ga. App.* 15 (113 S. E. 821). An acceptance of an offer must be unequivocal, unconditional and without variance of any sort; otherwise, there is no meeting of minds and assent thereto necessary to form a contract. *Robinson* v. *Weller,* 81 *Ga.* 704 (8 S. E. 447); *Phinizy* v. *Bush,* 129 *Ga.* 479 (4) (59 S. E. 259); *Dillin-Morris Co.* v. *Gillespie,* 15 *Ga. App.* 210 (1) (82 S. E. 812); *Good Roads Machinery Co.* v. *Neal & Son,* 21 *Ga. App.* 160 (1, 2) (93 S. E. 1018). There are several instances of variance between the plaintiff's offer and the defendants' counteroffer. The plaintiff's offer did not contain a delivery date or any reference to the time element involved in the performance of the proposed contracts, whereas the defendants' counteroffer contained the provision, "Date required for delivery and erection Anchor bolts and misc. all delivered by February 15, 1953. Columns at exterior walls and fire walls and beams connecting these columns all delivered by 15 March 1953 and erection started. Bal. delivered and erect. started 15 May 1953." The plaintiff's offer described the contract price as follows: "For the sum of $110,000", whereas in the defendants' counteroffer it was described: "For lump sum price of $110,000." The counteroffer contained no reference to State, Federal or local taxes. Further, toward the bottom of the plaintiff's offer was the following: "Accepted_____" The defendants did not sign the plaintiff's offer after the word "accepted." However, toward the bottom of the defendants' counteroffer was the following: "Accepted: B. L. Montague Co. Inc. By:          Gen. Mgr. Date: 1-10-53."

The law places upon the purchaser the duty to pay the State sales tax and places upon the seller the duty to collect such taxes. There is nothing in the law which prevents the seller and purchaser from including such tax in the total contract price. In the plaintiff's offer the sales tax was expressly not included in the contract. However, the defendants' counteroffer did not mention sales tax specifically but provided that the work would be performed for the "lump sum price of $110,000."

We think that the only reasonable construction that could be placed on the counteroffer under the circumstances was that the sales tax would be included in the contract price of $110,000.

The plaintiff in error contends that the court erred in directing a verdict rather than granting a nonsuit. The defendants' defense was based solely on the fact that their instrument did not amount to an acceptance of the plaintiff's offer but showed on its face that it was a counteroffer which was accepted by the plaintiff. The defendants could not have introduced any evidence to sustain their defense other than their counteroffer. Since the plaintiff introduced its offer and the defendants' counteroffer into evidence and since the only issue involved was the construction of the two instruments, which was a question of law (Code § 20-701), and since no question of fact was presented, the court did not err in directing a verdict rather than granting a nonsuit.

The motion to dismiss the writ of error is denied.

The court did not err in denying the motion for new trial.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*