36563. GORDY *et al.* v. POWELL.

Decided May 28, 1957.

*Myrick & Myrick, Willis J. Richardson, Jr.,* for plaintiffs in error.

*Jack E. Miller,* contra.

CARLISLE, J. ■ Headnote 1 is self-explanatory and requires no elaboration.

■ As there was a sharp conflict in the evidence as to the material facts together with all reasonable deductions and inferences to be drawn therefrom, a verdict was authorized but not demanded for either party, and the trial court, consequently, did not err in denying the defendants' motion for a directed verdict, their motion for judgment notwithstanding the verdict, nor the general grounds of their motion for a new trial. *Shaw* v. *Probasco,* 139 *Ga.* 481 (1) (77 S. E. 577); *Snyder* v. *Elkan,* 187 *Ga.* 164 (1) (199 S. E. 891).

■ In special ground 1 (numbered 5) error is assigned on the refusal of the trial court to permit counsel for the defendants to ask Woodrow Osborne, a witness for the plaintiff and the patient in the ambulance, on cross-examination, if he were intoxicated at the time, which counsel contends was an unlawful limitation upon its right under Code § 38-1705 to a thorough and sifting cross-examination.

The trial court has a discretion to control the right of cross-examination within reasonable grounds, and exercise of this discretion will not be controlled unless it is abused. *Rogers* v. *State,* 18 ·*Ga. App.* 332 (2) (89 S. E. 460); *Fields* v. *State,* 46 *Ga. App.* 287 (3) (167 S. E. 337).

It appears from the evidence that this witness was unconscious at the time of the collision, and it seems to us that whether he were unconscious from loss of blood, as stated by another witness, or by reason of intoxication, was immaterial to the points at issue between the parties, and the only purpose that could be served by forcing him to reply to the question posed by counsel for the defendants would be to embarrass him. The trial court did not abuse its discretion in refusing to permit counsel for the

defendants to cross-examine him upon this point.

■ "The jury is not confined to any procrustean rule in measuring the value of a life. The life-tables are an aid to that end, but age, health, habits and the money one is making, are also data from which a conclusion may be drawn." *Central Railroad* v. *Thompson,* 76 *Ga.* 770 (6); *Savannah, Fla. & Western Ry.* v. *Stewart,* 71 *Ga.* 427, 428 (1); *Western & Atlantic R. Co.* v. *Bussey,* 95 *Ga.* 584 (9) (23 S. E. 207).

Under an application of this principle of law, the trial court did not err, as counsel for the defendant alleges in special ground 2 (numbered 6), in reading the following excerpts from the plaintiff's pleadings which were supported by evidence: "Henry F. Powell, the deceased husband of the plaintiff, was a strong, active, virile, ambitious man, and was loyal and obedient to service . . . [and] was a kind and loving father."

Code § 38-202, which counsel for the defendants alleges is violated by such instruction, is not applicable in a death case. This section refers to the general character of the parties, not to the general character of the deceased for the value of whose life suit is brought.

■ In special grounds 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 16 (numbered respectively 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 20), error is assigned on the trial court's reading specified excerpts from the pleadings of the plaintiff on the ground that there was no evidence to support these allegations. It is not ordinarily error to state the contentions of the parties as made by the pleadings (*Briesenick* v. *Dimond,* 35 *Ga. App.* 668, 134 S. E. 350, and citations), and our examination of the brief of evidence discloses that each of the allegations of which complaint is made is substantiated by fact or inference. There is no merit in any of these grounds.

■ It is now established in this State that a wife may recover for the loss of the consortium of her husband occasioned by personal injuries to him (*Brown* v. *Georgia-Tennessee Coaches, Inc.,* 88 *Ga. App.* 519, 77 S. E. 2d 24), and assuming, but not deciding, that a wife may recover for loss of consortium where her husband lives for a short period after his injuries in a suit brought for the full value of his life, defects in pleadings which

should have been taken advantage of by special demurrer are not proper subject matter for a motion for a new trial. *Coulson* v. *State*, 13 *Ga. App.* 148 (2) (78 S. E. 1108), and citations; *Tompkins* v. *American Land Co.*, 139 *Ga.* 377 (2) (77 S. E. 623), and citations. Under an application of this rule, there is no merit in special ground 13 (numbered 17) in which counsel for the defendants assign error on the trial court's reading from the plaintiff's pleadings the references to consortium. The only error assigned in this ground on the court's action is that the plaintiff was not entitled to recover for the loss of consortium but was limited to a recovery for the full value of her husband's life. It appears from the evidence that the husband lived two days after his injuries.

■ In special ground 14 (numbered 18), counsel for the defendants assigns error on the trial court's reading the allegations of the plaintiff's petition without instructing the jury that they were merely the contentions of the plaintiff, were not evidence of the facts therein alleged, and that the jury should not consider allegations that were not supported by the evidence. There is no merit in this ground. Viewed as a whole, the court made it quite clear that in reading the plaintiff's petition it was reading only the allegations and contentions of the plaintiff. It also instructed the jury that the defendants demanded strict proof of these allegations and instructed the jury: "The plaintiff must recover, if she recovers at all, upon one or more of the grounds of negligence which is set forth in her petition, therefore, if you reach the conclusion that the defendant was negligent and the plaintiff is entitled to recover under the rules that I have given you, you determine whether the negligence which you find is an act of negligence, one which is set forth in the petition . . . she is entitled to recover *if she proves* any one or more of the grounds to your satisfaction. . ."

■ In special ground 15 (numbered 19), error is assigned on the alleged failure of the trial court to set out the material contentions of the defendants. An examination of the court's instructions to the jury shows that the court not only set out the contentions of the defendants but gave a full and fair charge on every material defense. There is no merit in this ground. See,

in this connection, *Harris & Co.* v. *Vallee & Co.,* 29 *Ga. App.* 769 (9) (116 S. E. 642); *James* v. *Cooledge,* 129 *Ga.* 860 (60 S. E. 182).

■ In special ground 17 (numbered 21), counsel for the defendants contends that the following principle of law should have been applied to both the plaintiff and the defendants, but was not: "If you find that the defendant violated any one or more of the statutes, or the ordinances of the City of Savannah, he [she?] would have been guilty of negligence per se or negligence as a matter of law." At various points in its instructions to the jury, the court stated that the degree of diligence owed was the same for both the plaintiff and the defendants and also stated that if the jury should find that the ambulance was not an authorized emergency vehicle it should have been treated as any other vehicle. There is no merit in this ground.

The trial court did not err in denying the motion for new trial. *Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*