### 37806. MASSACHUSETTS BONDING & INSURANCE COMPANY *v.* BINS & EQUIPMENT COMPANY, INC.

DECIDED NOVEMBER 23, 1959—REHEARING DENIED
DECEMBER 17, 1959.

W. A. Wraggs, T. J. Long, Ben Weinberg, Jr., for plaintiff in error.

Carpenter, Karp & Matthews, Ben J. Camp, A. Tate Conyers, contra.

QUILLIAN, Judge. The sole question to be determined is whether there is any evidence· to sustain the verdict. While the evidence was in sharp conflict, the jury was authorized to find that Bins & Equipment Company, Inc., submitted a bid for a certain number of lockers, which was accepted by Bryan Construction Company. Construing the material instruments together (bid, telegram, and purchase order), the plaintiff clearly showed what it was offering for sale. The president later modified the bid to offer the 1,074 lockers for $4,800. There was evidence that other suppliers bid $3,871.77 for the same number of lockers; however, their lockers did not meet the technical specifications. The jury may well have believed that it is improbable that one would supply twice the number of lockers

for the same price. The plaintiff's bid shows "bathhouses" which might be indicia that the plaintiff was only bidding for a portion of the lockers.

There was testimony introduced by Mr. Widener, an agent of Bryan Construction Company, that he telephoned Mr. Larry Newberger, vice-president of Bins & Equipment Company, Inc., advising him that two bathhouses were to be built. This testimony was to show a modification of the original bill to call for 2,148 lockers instead of 1,074. There was no objection to this testimony and the evidence disclosed Widener's negotiations were with Larry Newberger, vice-president of Bins & Equipment Company, Inc., who was deceased at the time of the trial. This testimony by an agent of the defendant concerning words of a deceased officer of the plaintiff corporation was not admissible. Code § 38-1603. This was a conversation with a deceased officer of the corporation and was without probative force. It was held in *Dye* v. *Richards*, 210 *Ga.* 601, 604 (81 S. E. 2d 820): "The Code sections cited [38-1603 (1), 38-1603 (5)] specifically prohibit the opposite party from testifying in his own favor as to transactions or communications with a deceased party, or the deceased agent of a party. The defendant's conversation with the deceased agent of the bank—being incompetent and inadmissible—would have no more probative value than hearsay evidence. Hearsay evidence, although admitted without objection, is 'without probative value and insufficient to prove anything.' *Pool* v. *Duncan*, 202 *Ga.* 255, 258 (42 S. E. 2d 731). See also *Minor* v. *Fincher*, 206 *Ga.* 721, 729 (58 S. E. 2d 389). The alleged conversation of the defendant with the deceased agent of the bank, being inadmissible and incompetent, had no probative value." Disregarding the testimony concerning the telephone call, the jury could have believed that the plaintiff's bid was for only a certain number of lockers and not a bid to furnish lockers for two bathhouses. They would be authorized to believe this was the entire contract between the parties.

As there was an issue to submit to the jury, the trial court did not err in denying the motion for judgment non obstante veredicto. In *McClelland* v. *Carmichael Tile Co.*, 94 *Ga. App.* 645, 647 (96 S. E. 2d 202) it is held: "The function of the mo-

tion for judgment non obstante veredicto is not the same as that of a motion for a new trial, but is a summary method of disposing of the entire litigation where it is obvious that the party against whom the motion is directed cannot under any circumstances win his case." See also *Gordy v. Powell*, 95 *Ga. App.* 822 (2) (99 S. E. 2d 313).

*Judgment affirmed. Gardner, P. J., Townsend, Carlisle and Nichols, JJ., concur. Felton, C. J., dissents.*

FELTON, Chief Judge, dissenting. 1. The action here is predicated on the theory that the plaintiff's offer was accepted by the contractor and that the two documents constitute the contract which was breached. The contractor's order which the plaintiff contends was an acceptance of its bid, as it appears as an exhibit to the petition, was not marked "accepted" by the plaintiff. The original order as introduced in evidence showed that it was not construed by plaintiff as an acceptance but as a counter-order or proposal which was accepted in writing by the plaintiff. Thus, the cause of action pleaded was not supported by the evidence. A good case was not made by the introduction in evidence of the accepted order because it was admissible to prove the defendant's defense that there was no such contract as the one sued on. The order placed by the contractor with the plaintiff was materially different in its content from the original proposal made by the plaintiff especially in that it did not state the exact number of lockers, and constituted a counter-offer, which, when accepted by the plaintiff, constituted the contract between the parties. *Estes Lumber Co. v. Palmyra Yellow Pine Co.*, 29 *Ga. App.* 15 (1) (113 S. E. 821); *B. L. Montague Co., Inc. v. Somers*, 94 *Ga. App.* 860 (96 S. E. 2d 629) and cases cited; *Gray v. Lynn*, 139 *Ga.* 294 (77 S. E. 156); *Milner Hotels, Inc. v. Black*, 196 *Ga.* 686 (27 S. E. 2d 402); *Monk v. McDaniel*, 116 *Ga.* 108 (42 S. E. 360); *Anderson, Clayton & Co. v. Mangham*, 32 *Ga. App.* 152 (123 S. E. 159); *Bailey Co. v. West Lumber Co.*, 1 *Ga. App.* 398 (58 S. E. 120); *Dunn v. Freeman*, 24 *Ga. App.* 504 (101 S. E. 393). If Bryan knew or thought that the plaintiff intended to bid on equipment for one bathhouse the plaintiff cannot attack the agreement for fraud because it was the negligence of the plaintiff that caused his

injury, negligence in not checking with the architect to ascertain that the addenda to the plans and specifications called for *two* bathhouses. *Marietta Fertilizer Co.* v. *Beckwith,* 4 *Ga. App.* 245, 249 (61 S. E. 149) and cases cited. The contract in this case is what is stated in the order of the contractor and the acceptance by the plaintiff, and not what each secretly intended. If the secret intentions of parties were allowed to alter solemn written agreements they would not be worth the paper they are written on. If in this case the plaintiff had made a proposal for equipment for four bathhouses and the contractor had sent an order identical with the one in this case, if it was accepted, the contractor would be bound by the price quoted if, without his knowledge, the number of bathhouses had been reduced by addenda to the plans and specifications from four to two. He would have had to pay the price for his negligence, nothing else appearing to relieve him, and this would be true if the plaintiff knew that the contractor did not know of the reduction in the number of bathhouses from four to two.

2. "The testimony of a party as to transactions with a deceased person, if not objected to, will be considered, and will be given such weight as his interest and other surrounding circumstances will allow. . . The incompetency of a witness may be waived." *Berry* v. *Brunson,* 166 *Ga.* 523 (4) (143 S. E. 761) and cases cited. *Peacon* v. *Peacon,* 197 *Ga.* 748 (30 S. E. 2d 640) ; *Cooper* v. *Reeves,* 161 *Ga.* 232 (2) (131 S. E. 63) ; *Hobbs* v. *Houston,* 195 *Ga.* 571 (10) (24 S. E. 2d 884) ; *Lydia Pinkham Medicine Co.* v. *Gibbs,* 108 *Ga.* 138 (2) (33 S. E. 945) ; *Crozier* v. *Goldman,* 153 *Ga.* 162 (3) (111 S. E. 666) ; 58 Am. Jur. 209, "Witnesses", § 356; 97 C. J. S. 526, "Witnesses", § 118a. While a number of recent Supreme Court decisions seem to have held to the contrary, the older cases have not been expressly overruled and are binding on us. See *Dye* v. *Richards,* 210 *Ga.* 601 (81 S. E. 2d 820) and cases cited.