9815.  PENNSYLVANIA FIRE INSURANCE COMPANY v. SORRELLS.

BROYLES, P. J.  1. "Where the proposal to insure comes from the insurer, he must be notified of the acceptance of the offer by the insured."  Cooley's Briefs on the Law of Insurance, §§ 423, 424, 432.

2. "While a contract can be made by correspondence through the. mail, or by telegram, the offer of the seller must be accepted by the purchaser unequivocally, unconditionally, and without variance of any sort.  There must be a mutual assent of the parties, and they must assent to the same thing in the same sense."  *Robinson* v. *Weller*, 81 *Ga.* 704 (8 S. E. 447) ; *Stix* v. *Roulston*, 88 *Ga.* 748 (15 S. E. 826) ; *Harris* v. *Amoskeag Lumber Co.*, 97 *Ga.* 465 (25 S. E. 519) ; *Larned* v. *Wentworth*, 114 *Ga.* 209 (39 S. E. 855) ; *Harper* v. *Ginners Mutual Insurance Co.*, 6 *Ga. App.* 139, 142 (64 S. E. 567).

3. Where the holder of a fire-insurance policy receives from the insurer a letter notifying him that the policy has expired, but that it has been renewed on certain terms and conditions stated in the letter, and he fails to answer the letter, or to comply with the terms and conditions stated therein, or to notify the insurer that he has unconditionally accepted the policy, before the property has been destroyed by fire, there is no completed contract of insurance, but merely an offer by the insurer to make such a contract, not accepted by the insured.  *Harper* v. *Ginners Mutual Insurance Co.*, supra.

4. When the principles of law stated above are applied to the facts of the instant case, as disclosed by the plaintiff's petition, it is evident that the alleged contract of insurance sued upon was not a completed one.  The court, therefore, erred in overruling the defendant's oral motion to dismiss the petition on the ground that it set forth no cause of action.

5. The error in the ruling on the demurrer rendered the further proceedings in the case nugatory.

*Judgment reversed.  Bloodworth and Stephens, JJ., concur.*

DECIDED FEBRUARY 11, 1919.

Action on insurance policy; from Colquitt superior court—Judge Thomas.  May 4, 1918.

Mrs. Mary Sorrels sued the Pennsylvania Fire Insurance Company for a sum alleged to be due on a policy of fire insurance.  The petition alleged:  The defendant made to the plaintiff a policy of fire insurance for $3,000, a copy of which is attached to the petition.  The policy became effective on December 12, 1916.  For twelve months next preceding that date the property described in this policy (designated as Policy No. 1305) was insured by the defendant under Policy 1215, which expired simultaneously with the taking effect of this policy.  This policy was issued to the plaintiff and retained by the defendant, as is shown by a letter written by Harper & Clark Company, agents of the defendant at Moultrie, Georgia, a copy of which, attached to the petition, is as follows: "Moultrie, Georgia, December 14, 1916.  Mrs. Mary Sorrels, c/c Mr. A. S.

Dalton, Moultrie, Ga. Dear Madam: We are herewith enclosing bill for balance due, $57.80. You will note that this covers the policy written December 12, 1915. This policy expired on December 12, 1916, and in order to protect you fully we have rewritten it so as to protect you in case of fire. However, we cannot afford to deliver the policy unless this bill is paid at once. We have been to see Mr. Dalton, but have been unable to find him at his office. We have been carrying this bill for quite a while, and trust that you will give it your prompt attention; if paid at once, we will make no charge for interest for the many months we have carried it, and if you will send us a check, we will wait on the new policy until February 1, 1917, for the money. Trusting you will give this your prompt attention, as we can not let the matter stand in its present shape, very truly yours, Harper & Clark Co., by Park Harper. We await your prompt advice." The plaintiff was not indebted to the defendant in the sum of $57.80 on the date that the letter was written, nor in any other sum on account of the previous policy, No. 1215, or any other policy; for the plaintiffs, on September 26, 1916, paid to the said Harper & Clark Company, agents of the defendant at Moultrie, Ga., the full amount due by her as a premium on the said policy No. 1215, and was not indebted to the defendant on that policy or otherwise. The plaintiff, in two or three days after the receipt of the said letter, called the attention of the defendant's said agents, Harper & Clark Company, to the fact of payment of the premium due on that policy, on September 26, 1916, and promised the said agents that she would pay the premium on the new policy, No. 1305, on or before February 1, 1917, as stipulated in the said letter. The property insured in the said policy was destroyed by fire on January 8, 1917. The petition contained allegations as to the plaintiff's subsequent tender of the premium on the new policy, refusal of the tender, demand for the policy, demand for payment of the sum alleged to be due thereon, refusal of these demands, etc.

At the trial of the case counsel for the defendant moved orally to dismiss the petition, on the ground that no cause of action was set forth. The motion was overruled, the trial resulted in a verdict for the plaintiff, the defendant's motion for a new trial was overruled, and exceptions to the rulings stated were duly taken.

*Shipp & Kline, King & Spalding,* for plaintiff in error.

*Parker & Gibson,* contra.