### 10866.    MOULTRIE GROCERY CO. *v.* CHARLESTON MILL-ING CO.

No contract of sale was completed by the telegrams which are the basis of this suit.

DECIDED DECEMBER 16, 1919.   REHEARING DENIED FEBRUARY 7, 1920.

Action on contract; from Colquitt superior court—Judge Thomas.    July 25, 1919.

*W. F. Way,* for plaintiff.

*James Humphreys, Dowling & Askew,* for defendant.

SMITH, J.   1.   A broker at Albany, Georgia, made an offer by telegram on July 18, 1916, to the Charleston Milling Company, a corporation situated at Charleston, Missouri, to sell to the Moultrie Grocery Company "2000 barrels of flour, basis Eclipse Brand, plain, sacked, delivered Moultrie," at $5.85 per barrel, and in reply to his offer received the following telegram from the Charleston Milling Company: "Decline Moultrie.   Will book School Days $6.40; Eclipse, plain, $6.10; self-rising $6.30; Queen South, self-rising, $5.20; put your force behind Eclipse.   Have understand-

ing all contracts prorated monthly and give specifications first car immediately; needing prompt shipping order; market still advancing." .In response to this telegram the broker on July 19, 1916, wired: "Book Moultrie per your message Eclipse $6.10; Daisy self-rising $6.10; Queen of South $5.20." On July 22, 1916, the milling company wired to the broker: "Moultrie booking declined account price Daisy self-rising; quotations all made subject to confirmation as advised, especially on such a radically advancing market. Don't work Jacksonville, Snyder Bros. our representatives." It appears from this correspondence, as well as from the undisputed evidence adduced on the trial, that not only was there a substitution by the broker in his telegram of acceptance of "Daisy self-rising $6.10" for "School Days $6.40," as contained in the telegram making the offer, but that the latter brand of flour was not a self-rising flour, whereas the one substituted in lieu thereof was a self-rising flour.

While a contract may be made by telegrams, the telegrams which were the basis of this suit did not constitute a complete contract between the Moultrie Grocery Company and the Charleston Milling Company, since the broker's offer was not accepted by the seller unequivocally, unconditionally, and without variance. There was no mutual assent of the parties to the same thing in the same sense. *Robinson* v. *Weller,* 81 *Ga.* 704 (8 S. E. 447); *Stix* v. *Roulston,* 88 *Ga.* 748 (15 S. E. 826); *Harris* v. *Lumber Co.,* 97 *Ga.* 465 (25 S. E. 519); *Larned* v. *Wentworth,* 114 *Ga.* 209 (39 S. E. 855); *Harper* v. *Ginners Mutual Insurance Co.,* 6 *Ga. App.* 139, 142 (64 S. E. 567); *Phinizy* v. *Bush,* 129 *Ga.* 479; *Pennsylvania Fire Ins. Co.* v. *Sorrells,* 23 *Ga. App.* 398 (98 S. E. 358). The trial judge therefore did not err in granting a nonsuit.

2. Under the above ruling it is unnecessary to pass upon the 5th ground of error set out in the bill of exceptions, in which it is alleged that the defendant in the court below waited an unreasonable length of time to repudiate or refuse to accept the order made by the plaintiff in the court below for the sale and purchase of the flour.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*