FRANK, Respondent, vs. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

*January 13—May 17, 1938.*

For the appellant there were briefs by *Bloodgood, Stebbins & Bloodgood,* attorneys, and *G. Kenneth Crowell* of counsel, all of Milwaukee, and oral argument by *Mr. Crowell.*

*I. E. Goldberg* of Milwaukee, for the respondent.

The following opinion was filed February 15, 1938:

FRITZ, J.    The plaintiff's right to recover depended upon whether an accident policy issued by the defendant on February 3, 1930, for a twelve-month period, was in effect at the time of plaintiff's injury on February 6, 1934, by virtue of an annual renewal of the policy.    It appears, without dispute, that under provisions in the policy for the renewal thereof, it had been renewed annually up to February 3, 1934, by the payment of the annual premium within a thirty-one-day period of grace allowed by the policy; and that on March 2, 1934,—within that period of grace,—the premium for renewal for a year from February 3, 1934, was paid by the plaintiff to Morris Cohen, an agent of the defendant, who had solicited the policy and collected the prior premiums.    As Cohen did not have the defendant's usual form for the receipt of a renewal premium, he gave the plaintiff a temporary receipt on the defendant's form for receipting for the payment of a premium on its industrial policies.    But Cohen duly turned in the payment to the defendant's cashier at its local district office, and upon the cashier's finding, within a few days, that there was no re-

newal notice for the policy in the office, the payment was returned to Cohen with directions to return it to the plaintiff. The latter refused to accept it, and it remained in Cohen's custody although his employment by the defendant terminated on March 31, 1934.

On the trial the defendant contended that the policy had not been renewed after the period ending on February 3, 1934, because it had notified the plaintiff by a letter dated January 24, 1934, which it claims to have mailed to him, that it would be unable to renew the policy, which would expire on February 3, 1934. The plaintiff denied that he received that letter, and testified that he was not informed of any refusal to renew until Cohen tendered the return of the premium payment which he had accepted from the plaintiff. The only question submitted to the jury in relation to the issue as to renewal was, "Did the plaintiff receive a notice of *non*-renewal of said policy some time before February 3, 1934?" The jury answered "Yes," and upon that finding the civil court dismissed the complaint. Upon the plaintiff's appeal to the circuit court, that judgment was reversed and a new trial ordered on the ground that the civil court had erred in instructing the jury that because of the presumption that a duly stamped and mailed letter would be received by the addressee, the burden of proof shifted to the plaintiff to establish that he did not receive the defendant's letter dated January 24, 1934.

On this appeal by the defendant from the circuit court's order, it concedes that the civil court's instruction in question was erroneous, but contends that there was sufficient proof to warrant finding that its letter as to nonrenewal had been duly mailed so as to give rise to the presumption that it was duly delivered to the plaintiff. That contention cannot be sustained because there was no proof that the letter was in fact properly sealed and deposited, with sufficient postage

affixed, in a mail chute or box of the mail department of the United States. At most there was but testimony by employees in the defendant's renewal department at its home office that one of them dictated and signed a usual letter of nonrenewal (of which a carbon copy was produced by the defendant), directed to the plaintiff at his address in Milwaukee; that he put it in an envelope and gave it to the mail boy on the defendant's team to take to its mail division to go out in the usual way; that the envelope was plainly marked to be returned to the defendant within five days, but was not returned to the witness; but that he does not know whether the letter was mailed or not mailed after it left his hands. On the other hand, there was no testimony whatsoever by either the mail boy or any employee in the defendant's mail division. Under those circumstances, including the absence of any proof that there was compliance in this particular instance with an office custom in reference to the affixing of postage and mailing of the letters, no presumption that the letter was received by the plaintiff arose in view of the established rule that,—

"proof of the dictation of a letter, coupled only with proof of the custom of the office with reference to the mailing of letters, without any proof from which it may be inferred that in the particular instance the custom was complied with, does not constitute proof of mailing." *Federal Asbestos Co. v. Zimmermann*, 171 Wis. 594, 600, 177 N. W. 881; *Kluck v. State*, 223 Wis. 381, 269 N. W. 683; *Gardam v. Batterson*, 198 N. Y. 175, 91 N. E. 371; *Elmore v. Busseno*, 175 App. Div. 233, 161 N. Y. Supp. 533; *Collins v. Hoover*, 205 Mo. App. 93, 218 S. W. 940; *Pierson-Lathrop Grain Co. v. Barker* (Mo. App.), 223 S. W. 941; *Henry H. Cross Co. v. Bell Oil & Gas Co.* 129 Okla. 188, 263 Pac. 1105.

The defendant further contends, however, that the erroneous instruction was harmless and immaterial because, under the provision in the policy as to a renewal thereof, the

burden of proof was upon the plaintiff from the beginning to establish that the defendant affirmatively consented to the renewal in question. The defendant relies on the rule stated in *Redeman v. Preferred Accident Ins. Co.* 215 Wis. 321, 327, 254 N. W. 515, that "a renewal of a policy of insurance is a contract and cannot be effected or consummated without the mutual assent of the parties, *i. e.,* a meeting of minds as to the essentials of the contract." It is true, of course, that to effect a renewal of the insurance contract there had to be mutual assent to the renewal; but if there was, as the plaintiff contends, any offer to renew which was accepted by him before a revocation thereof by the defendant, then there was a sufficient meeting of the minds to effect a binding renewal. And in that respect the plaintiff contends that a liberal construction in favor of the insured of the provisions in the policy relating to renewal reasonably warrants the interpretation that there was thereunder a continuing offer by the defendant to extend the coverage year by year until the insured's sixty-fifth birthday if he paid the premium within the thirty-one days of grace granted thereunder, subject, however, to the right of the defendant to revoke its offer before acceptance thereof by the plaintiff. That there was such a continuing offer under the policy provisions is warranted by the clauses that "This policy may, with the consent of the company, . . . be periodically renewed upon each successive expiration, . . . upon the payment of the premium herein stated, as the premium for each successive renewal;" that "This provision for renewal shall cease to be in force upon the expiration of the period next preceding the sixty-fifth birthday of the insured;" and that "Upon each such renewal a grace of thirty-one days, without interest charge, shall be granted for the payment of the premium, during which period the insurance shall continue in force provided such payment is made within such

period of grace." Manifestly under and by virtue of those clauses, unless and until their effect is superseded or avoided by an affirmative revocation thereof, there continues in force an offer of renewal until it "shall cease to be in force upon the expiration of the period next preceding the sixty-fifth birthday of the insured;" and until then he may, in the absence of defendant's revocation thereof, accept that offer and have successive annual renewals by his payment of the premium for each successive renewal within the thirty-one-day period of grace, granted by the insurer in connection with its express provision that during that period "the insurance shall continue in force provided such payment is made within such period of grace." By thus entitling the insured after even the expiration of an immediately preceding renewal period to have his insurance considered continuing in force during the period of grace if he but pays the renewal premium at any time within that period, there is convincingly disclosed the intention that not only the insurance, but also the insurer's incidental offer to renew the policy therefor, was to be deemed to continue in force during the entire period of grace, provided such payment was made within that period and the offer thereby accepted. However, because there is nothing in the policy to the contrary, the insurer could revoke that continuing offer by a communication to that effect received by the insured from the insurer prior to the insured's acceptance thereof. In that event there would be applicable the rule that,—

"Revocation of an offer may be made by a communication from the offeror received by the offeree which states or implies that the offeror no longer intends to enter into the proposed contract, if the communication is received by the offeree before he has exercised his power of creating a contract by acceptance of the offer." Restatement, Contracts, p. 49, § 41; Elliot, Contracts, p. 38, § 34.

But in the absence of proof establishing the receipt by plaintiff of the defendant's notice of nonrenewal, the burden of proof was not on the plaintiff to establish that the defendant otherwise affirmatively consented to the renewal in question.

The defendant also contends that payment of the premium to Cohen was not a payment to the defendant because Cohen was but a special agent whose authority was confined to cases where its official renewal receipt was sent from its home office in anticipation of a renewal, and placed in the agent's hands; that Cohen had no such receipt and gave the plaintiff but a temporary receipt; that Cohen, in giving temporary receipts to the plaintiff on two or three prior occasions, was acting as agent for the plaintiff and not for the defendant, and the plaintiff knew such payments would be subject to further action by the defendant; and that Cohen's receipt of the renewal premium on behalf of the defendant was unauthorized, and without even apparent authority in view of prior transactions between the parties. There are such conflicts in the testimony relating to those matters that the determination of the resulting issues,—if they are otherwise material,—is for the jury. As no questions were requested or submitted to the jury in respect to those issues, and there can be no determination thereof as mere matters of law, the defendant is not entitled, by reason of those matters, to judgment on the present record.

*By the Court.*—Order affirmed.

A motion for a rehearing was denied, with $25 costs, on May 17, 1938.