LIVERPOOL & LONDON & GLOBE INSURANCE COMPANY et al., Appellants,

v.

Roy L. SWANN, Appellee.

No. 6680.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 17, 1964.

Rehearing Denied Oct. 7, 1964.

Garrison, Renfrow, Zeleskey, Cornelius & Rogers, Lufkin, for appellants.

Dies, Anderson & Dies, Lufkin, for appellee.

STEPHENSON, Justice.

This is a suit to recover under three fire insurance policies for the loss of a frame building destroyed by fire and owned by plaintiff. The case was tried before a jury and judgment was for plaintiff. The parties· will be referred to here as they were in the trial court.

The jury found that plaintiff's wife requested the insurance agent, Jim Pinkerton, to renew the insurance policies in question before the fire of February 24, 1957, but that Jim Pinkerton did not promise to renew such policies. The three policies of insurance had been written upon these premises, with February 23, 1957, as the expiration date. The defendants. contend-

ed the policies had expired and had not been renewed. No new policies of insurance were written. Plaintiff contends a letter written by Jim Pinkerton to him dated January 24, 1957, constituted an offer and that the request by his wife constituted an acceptance. This theory of the case is consistent with plaintiff's pleadings. The letter read as follows:

> "Dear Roy: Please let me know if you wish the insurance ˙renewed on your liquor store property in Trinity County. Very truly yours, Jim Pinkerton."

Defendant contends this letter was nothing more than an "inquiry of intention".

■  Defendants urge that as there was no promise to renew on the part of Jim Pinkerton that no contracts of insurance were entered into. We hold to the contrary. The letter above referred to from Jim Pinkerton to plaintiff constituted an offer to renew the policies of insurance. The jury findings that plaintiff's wife requested Jim Pinkerton to renew the policies constituted an acceptance and contracts were thereby made. The law applicable to this case is stated in Prudential Fire Ins. Co. v. Williams, Tex.Civ.App., 148 S.W.2d 264, as follows:

> " 'The law is well settled in this state that an insurance company, through its duly authorized agent, may contract by parol for the renewal of a fire insurance policy; and, in the absence of an agreement to the contrary, the presumption is that the renewal is upon the same terms, conditions, and amount as provided in the original policy.' See St. Paul Fire & Marine Ins. Co. v. Stell, Tex.Civ.App., 20 S.W.2d 399, point 3, page 401, for collation of authorities."

See also Trinity Universal Ins. Co. v. Rogers, Tex.Civ.App., 215 S.W.2d 349:

> "In this connection attention is also called to the following: authorities: The renewal of a policy is a new con-

tract of insurance and 'cannot be effected or consummated without the mutual assent of the parties; i. e., a meeting of the minds as to the essentials of the contract.' Redeman v. Preferred Accident Ins. Co. of New York, 215 Wis. 321, 254 N.W. 515, 518. Any offer by the insurer to renew an insurance contract must be accepted by the insured completely and unequivocally to constitute a new contract. Metzger v. Aetna Ins. Co., 229 App.Div. 26, 240 N.Y.S. 755; City Mortgage & Discount Co. v. Palatine Ins. Co., Ltd., 226 Ala. 179, 145 So. 490; Frank v. Metropolitan Life Ins. Co., 227 Wis. 613, 277 N.W. 643, etc. It is held that where an insurance company proposes by letter to renew a policy, and the insured retains the policy but does not reply to the letter or pay the premium or indicate an acceptance until after a fire several months thereafter, there is no completed contract of insurance. W. P. Harper & Co. v. Ginners Mutual Ins. Co., 6 Ga.App. 139, 64 S.E. 567; Richmond v. Travelers' Ins. Co., 123 Tenn. 307, 130 S.W. 790, 30 L.R.A.,N.S., 954; Pennsylvania Fire Ins. Co. v. Sorrells, 23 Ga.App. 398, 98 S.E. 358. An insurance policy is a contract, and the fundamental law of contracts requires that an offer be accepted before a contract arises."

The finding of the jury that Jim Pinkerton did not promise to renew the policies does not defeat plaintiff's cause of action. This finding of the jury is mere surplusage. The offer having been accepted, required no new promise on the part of Jim Pinkerton in order to make a contract.

■ Defendants contend there was no evidence to support the verdict of the jury,

that the evidence was insufficient and that the verdict was contrary to the overwhelming weight and preponderance of the evidence. The "no evidence" point is one of law to be determined by considering only the evidence favorable to the finding of the jury.

■ The letter set out in the first part of this opinion from Jim Pinkerton to Roy Swann was admitted in evidence without objection. The authority of Jim Pinkerton to bind these defendants also is not questioned. The matter as to whether or not this letter constituted an "offer" is one of law for the court to determine. The question of fact is then for the jury to determine whether or not plaintiff's wife requested Jim Pinkerton to renew the policies in response to this letter. Mrs. Swann testified she told Jim Pinkerton they were not contemplating any changes in the policy at all and to go ahead and take care of it. She further testified she told Jim Pinkerton to renew the policies as they were. There is no testimony that the offer to renew the policies was withdrawn before accepted. The evidence supports the finding of the jury that plaintiff's wife requested Jim Pinkerton to renew the policies.

■ In passing upon the "insufficient evidence" and "against the great weight of the evidence" points, we have considered the entire record. Jim Pinkerton denied that he had been requested to renew the policies by either the plaintiff or his wife. This did nothing more than raise an issue for the jury to decide, which the jury did in favor of plaintiff. We do not find this answer to be clearly wrong or manifestly unjust. The points are overruled.

Affirmed.