FRENCH, Plaintiff-Respondent, v. SORANO, Defendant-Appellant: CITY OF MILWAUKEE, and others, Defendants-Respondents.

*No. 75–129. Argued November 5, 1976.—*
*Decided November 30, 1976.*
(Also reported in 247 N. W. 2d 182.)

For the appellant there was a brief by *Jonathan V. Goodman* and *Ludwig & Shlimovitz, S. C.,* and oral argument by *Mr. Goodman,* all of Milwaukee.

There was a joint brief by *Henry G. Piano* and *Bruce B. Jacobson* of Milwaukee, for plaintiff-respondent Thomas French; and by *Schwemer & Schwemer* of Milwaukee, for defendant-respondent Arthur A. Harmann, and oral argument by *Paul E. Schwemer*.

HANLEY, J. Three issues are presented on this appeal:

1. Was it error to exclude testimony regarding conversations between a police officer and respondents Harmann and Gerald Sorano?

2. Was it error to limit testimony adduced by appellant regarding her late husband's practice of secreting money in the subject vehicle?

3. Did the appellant meet the burden of proof?

*Statements to Police*

 The trial court excluded testimony which appellant attempted to adduce from Gerald Sorano regarding a conversation he had with police detective Edward McCugh. The only offer of proof made concerning the desired testimony was that Gerald "had a discussion with Detective McCugh regarding the money." On appeal appellant asserts that the testimony was offered to demonstrate the effect upon Gerald of statements made by the detective. It is difficult to ascertain the substance of the evidence which was offered in this instance. Counsel for appellant stated at oral argument that the effect upon Gerald which this testimony was to demonstrate was that Gerald responded to McCugh's statement by expressing the belief the money belonged to his father. If counsel wished to adduce from Gerald Sorano this belief, even assuming that such evidence is admissible, it is not necessary or proper to do so through this method. Furthermore, we do not see what relevancy any other effect upon Gerald of any statement by McCugh might have to the determination of who has the legal right to possession of the money. Gerald Sorano made no claim for possession of the money,

and any statement clearly took place after whatever conduct which might relate to the legal right to possession of the found money took place. The trial judge did not err in excluding this offered testimony, as it is clearly irrelevant.

■ Appellant also sought to introduce into evidence, through testimony of Detective McCugh, a statement made to the detective by respondent Harmann to the effect that Harmann did not want the found money. Objection to this testimony was sustained by the trial court. Appellant claims that this statement by Harmann constitutes an admission against interest, and is therefore admissible. This contention has no merit. Harmann stipulated that he did not claim legal title to the found money; his claim was based upon his status as a finder of lost money. Any statement by Harmann that he did not desire the money is irrelevant to the question of the legal right to possession. No error was committed in excluding this testimony.

### Testimony of Habit

Appellant objects to four rulings of the trial court excluding evidence which, appellant claims, related to the proof of her late husband's practice or habit of secreting money in his automobile. Appellant was permitted to testify extensively concerning finding money hidden by her deceased husband in the car, but the trial court sustained objections to (1) testimony of appellant that, until he was robbed on two occasions, her husband had the practice of carrying large amounts of money on his person; (2) testimony of appellant that her deceased husband always locked his car, because previous to his ownership of the subject vehicle, a car he owned was stolen; (3) testimony of appellant offered to show that her husband's father, Frank Sorano, also had the habit of hiding money; and (4) testimony of Gerald Sorano that he had seen his father hide money in the car.

The appellant's testimony that her husband had the practice of carrying large amounts of money, that her husband always locked his car, and that her husband's father also had the habit of hiding money was irrelevant and thus, inadmissible.

The testimony of Gerald Sorano that he saw his father hide money in the car was relevant and admissible. Sec. 904.06(1), Stats., provides that

"[e]vidence of the habit of a person or of the routine practice of an organization, *whether corroborated or not and regardless of the presence of eyewitnesses*, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice." (emphasis added).

Respondents argue that the language disclaiming the need for corroboration relates only to corroboration by evidence of the habit, and not to corroboration by proof that the person acted in conformity with the habit on the particular occasion.

In support of their contention respondents make reference to *Olson v. Sentry Insurance Co.*, 38 Wis.2d 175, 156 N.W.2d 429 (1968); *Frank v. Metropolitan Life Ins. Co.*, 227 Wis. 613, 277 N.W. 643 (1938); and *Federal Asbestos Co. v. Zimmerman*, 171 Wis. 594, 177 N.W. 881 (1920). In each of these cases, this court held that evidence of a habit or routine practice must be corroborated by evidence that the activity on a particular occasion conformed with the habit. The Judicial Council Committee's Note following sec. 904.06(1) in Wisconsin Rules of Evidence, 59 Wis.2d R83 (1974), however, in reference to the rulings in the cases cited by respondents, states that the provision disclaiming the need for corroboration of the habit apparently changed Wisconsin law on this matter.

Respondents also make reference to the case of *Christnacht v. ILHR Department*, 68 Wis.2d 445, 228 N.W.

2d 690 (1975), which was tried after the enactment of sec. 904.06. In that case the court held:

"We conclude there was sufficient credible evidence of the custom of Employers Mutual in mailing cancellation notices and that the custom was adhered to in the present case to support the finding that the notice of cancellation was mailed." *Id.* at 452, 228 N.W.2d at 694.

Respondents argue that this case shows that sec. 904.06 (1) did not disclaim the need for corroboration of the habit evidence by evidence that the habit was conformed with in the particular case. The court in *Christnacht,* however, was passing on the sufficiency of the evidence, not the admissibility.

In the absence of corroboration by evidence of conforming conduct on a particular occasion, evidence of habit or custom is nevertheless relevant, for it makes more probable the fact that the person acted in the particular manner. Any lack of evidence as to the conduct on a particular occasion is not a question of admissibility, but sufficiency.

Respondents claim Gerald Sorano's testimony was properly excluded as not "sufficient in number to warrant a finding that the habit existed or that the practice was routine." Sec. 904.06 (2), Stats. This must also be considered a question of sufficiency and not admissibility.

Respondents also contend that no error may be predicated upon an erroneous ruling of the trial court on this matter because no offer of proof was made. Sec. 901.03 (1) (b), Stats., however, provides that an offer is not needed if the substance of the evidence is apparent from the context within which questions were asked. Here it was obvious that Gerald Sorano was going to testify that he had observed his father hide money in the car. Under the circumstances no offer of proof was necessary.

We think the trial judge should have allowed the testimony of Gerald Sorano that he observed his father

hide money in the car. However, the ruling did not prejudice the appellant, for even if this habit were conclusively established, appellant could not have met the burden of proof placed upon her in this case, as shown in the following discussion of the next issue.

*Sufficiency of the Evidence*

Appellant proceeded on the theory that the found money was placed in the car by her deceased husband. She sought to prove this fact by showing her husband had a habit of secreting money in the car and forgetting about it. There is absolutely no indication in the record that any evidence existed which could directly link appellant's husband with this found money. No evidence exists that appellant's husband ever secreted amounts as large as the amount in this case. Appellant testified that on occasion she found ten to twenty dollars in the glove compartment, fifty to two hundred dollars under the mat, or a few hundred dollars in the trunk.

In addition, there is evidence which casts doubt upon the probability that this money was secreted by appellant's husband. After the husband died, Gerald Sorano used the car until it was sold almost three years later. The car was then owned for a short period of time by a car dealership and centainly could have been checked and cleaned for sale. The car was used by Mr. French for over two years, and the money was found over five and one-half years after the husband's death.

The appellant, who bears the burden of proof of her contentions, was required to come forward with evidentiary facts which establish the ultimate facts. The degree of proof required must be such as will remove the ultimate facts to be found by the fact finder from the field of speculation and conjecture. *Ernst v. Greenwald,* 35 Wis.2d 763, 773, 151 N.W.2d 706, 711 (1967). Here, even if a habit of the husband had been conclusively

established, it would be mere speculation that the found money was secreted by appellant's husband.

In view of our ruling in this case, it is not necessary to consider the question raised by respondent of whether appellant abandoned any secreted money in the car or waived the right to assert ownership when she sold the car. Also, because there is no appeal by or adversity between the respondents, French and Harmann, there is no need to consider the remainder of the trial court's judgment that the found money was lost money and therefore the finder Harmann was entitled to possession, despite the absence of evidence that Harmann had permission to enter the car.

*By the Court.*—Judgment affirmed.